UNITED STATES, Appellant

v

JOHN R. LIGHTFOOT, Airman Third Class, U. S. Air Force, Appellee

7 USCMA 686, 23 CMR 150

No. 9362

Decided April 5, 1957

*Captain Lawrence J. Gross* argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel Francis P. Murray.*

*Major Marcos E. Kinevan* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel Stanley S. Butt.*

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A divided board of review held that several of the specifications of which the accused was convicted did not state an offense under the Uniform Code. Pursuant to the provisions of Article 67(b)(2), 10 USC § 867, The Judge Advocate General of the Air Force requested this Court to consider whether the board of review was correct in its conclusion.

In material part, each of the specifications in issue reads as follows: ". . . [the accused] did . . . with intent to deceive . . . make and utter to . . . a certain check . . . then not intending to have sufficient funds in . . . [the bank] available to meet

payment . . . upon its presentment for payment in due course." Strikingly absent from the specification is an allegation that thereafter the accused wrongfully and dishonorably failed to place or maintain sufficient funds in the bank for payment of the check upon presentment for payment. See Manual for Courts-Martial, United States, 1951, Appendix 6c, specification 129, page 489.

Recently we had occasion to review the history of "bad check" offenses in military law. United States v Downard, 6 USCMA 538, 20 CMR 254. The review convinced us that military law embraces only "two worthless check offenses and no others." Ibid. page 544.

We described these offenses as follows:

". . . (1) The making and uttering of such a paper wrongfully and unlawfully, with intent to deceive, and thereafter wrongfully and *dishonorably* failing to maintain such funds to meet it. (2) The making and uttering of a check, without intent to deceive, and thereafter wrongfully and *dishonorably* failing to maintain a sufficient balance." [Page 541.]

Manifestly, the allegations of the specification do not directly, or by necessary implication, spell out either of the above offenses. The omission is fatal. United States v Fout, 3 USCMA 565, 13 CMR 121.

The certified question is answered in the affirmative, and the decision of the board of review is affirmed.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

The principal opinion concludes that our decision in United States v Downard, 6 USCMA 538, 20 CMR 254, is controlling in this case and that it compels a holding that the questioned specifications are defective. I am in full agreement. However, the certified issue makes it

apparent that there is considerable uncertainty in the Services as to whether this Court appreciated the full sweep of the principles enumerated in Downard, and because I believe the Government is entitled to have the doubt resolved, I deem it advisable to elaborate on the views we announced therein.

Briefly, the difficulty causing concern —and it is real for the members of the board of review divided three ways in reaching their decision—is whether the language we used in Downard was dicta and not binding on the boards in future cases. In that instance, we reasoned that to support a conviction of an accused for the more serious of the two worthless check offenses proscribed by Article 134 of the Code, 10 USC § 934, it was necessary for the prosecution to plead and prove, inter alia, that he intended to deceive, and that he *dishonorably* failed to maintain sufficient funds in the bank for payment upon presentment of the check. It is argued from that premise that we unnecessarily required proof of two wrongful intents in order to prove the offense, i.e., the specific intent to deceive, and a general criminal intent of *dishonorable* failure to maintain funds for payment of the check. Such a requirement, it is asserted, would make the offense indeed unique and, to escape that unfortunate result, it is suggested that the rule we announced should be reversed and that this principle should be substituted therefor: That the dishonorable failure to maintain sufficient funds is essential only to the lesser offense—for which intent to deceive is not required —and that such a failure is not a necessary element of the more serious delict, where the specific intent is required.

There is no doubt about the contention that if the asserted view were adopted, the specifications in question here would be sufficient to allege offenses, for they charge a specific intent to deceive. However, I am sure that a careful reading of Downard will disclose that the principle we there mentioned was well considered and, whether it be regarded as dicta or as necessary to a proper disposition of that case, that it should be incorporated into military law. In that case, Judge Bros-

man, writing for a unanimous Court upon the worthless check offenses, said at pages 541 and 544:

"Turning first to the provisions of the current Manual, we find that the appendix containing model specifications contemplates *two* worthless check crimes, as such, described as follows: (1) The making and uttering of such a paper wrongfully and unlawfully, with intent to deceive, and thereafter wrongfully and *dishonorably* failing to maintain such funds to meet it. (2) The making and uttering of a check, without intent to deceive, and thereafter wrongfully and *dishonorably* failing to maintain a sufficient balance. Manual for Courts-Martial, United States, 1951, Appendix 6c, page 489. No model specification setting out a third offense appears. Moreover, only the element of intent to deceive operates to distinguish the principal offense from the lesser. Manual, supra, Appendix 12, page 540; Appendix 6c, supra, note 489. And no additional included offense is mentioned in the Table of Maximum Punishments. Manual, supra, paragraph 127c, page 225.

. . . . .

". . . It seems clear to us that in selecting the term 'dishonorable' the draftsmen meant to adopt a word importing a criminal state of mind of some variety—*short of the requirement of a specific intent*—to characterize the behavior of the accused. Since the historical interpretation of the adjective 'dishonorable' bears out this conclusion, we experience no hesitation in holding that the framers of the Manual envisaged but two worthless check offenses and no others—the one characterized by a specific intent to deceive; the other requiring bad faith or gross indifference." [Emphasis supplied.]

There is nothing novel or unique in the principles outlined above for we are dealing with two separate offenses, one which is lesser but included in the other. For the purposes of this argument, the greater offense consists of the execution of a check with a specific intent to deceive, coupled with a dishonorable failure to place or maintain funds on deposit for payment of the negotiable instrument upon presentment. The lesser offense consists of the same ingredients except the specific intent to deceive. Of course, the lesser crime must be supported by some criminal intent, but that is not to say that when a specific intent to deceive is superimposed on a lesser offense to make a more serious violation that a unique situation has been created. On the contrary, reference to many other types of offenses shows the situation to be commonplace. Desertion consists of a criminal absence aggravated by a specific intent to remain away from the Service permanently. The lesser offense of absence without leave requires a general criminal intent, but no one has as yet suggested that desertion is a dual intent crime. Assault with serious bodily injuries intentionally inflicted consists of a criminal assault plus a specific intent to injure seriously. Absent the specific intent, the remaining elements would support a charge of assault and battery, a general intent crime. In a case of burglary, the crime is composed of the unlawful breaking into a dwelling place in the nighttime with an intent to commit a designated felony. If there is no specific intent involved, the other ingredients would add up to the offense of unlawful entry. It is worth noting that if we were to follow a different principle, an accused might be found guilty of a serious crime merely because he negotiated a check with a specific intent to deceive even though the instrument was paid according to its terms. Usually a crime involves more than just a criminal intent, and our construction removes the possibility of an accused being convicted on that element alone.

While both of the offenses here involved are listed under the general Article, before the commission of an act as here alleged can be an offense under that Article, it must be of such nature as to bring discredit on the armed forces. In cases of this character, the discrediting impact on the Service flows from the failure of the check for reasons other than a mistake of ordi-

nary negligence. While every wrongful act of a serviceman may have some remote discrediting effect upon the Service, it is not easy to conjure up a situation where the mere uttering of a check with intent to deceive would bring the Armed Forces into disrepute if the check was paid when it was presented to the bank. To say the least, the theory behind a worthless check offense is that the order to pay is, in truth and in fact, worthless because there are no funds from which to make payment.

Our holding in Downard goes no further than to say that the ingredients of both the lesser and greater offenses are identical, with the exception that the latter has the additional element of the intent to deceive. There is a slight difference in the maximum sentence, and when the aggravating factor of specific intent is alleged and established, it is only reasonable that the sentence should be greater than when it is absent. It does not require a refined construction of the law to reach that conclusion, and it seems rather clear to me that when we measure the specifications in this case by the yardsticks of both crimes, they fail to state an offense. It is beyond cavil that there is nothing said in the questioned specifications from which it may be inferred that the accused dishonorably failed to have or maintain a sufficient balance in the bank to pay the checks, and there is no allegation from which it may be reasonably deduced that the checks were worthless. For aught that appears from the specification, the checks could have been honored by the bank and the payee could have received his full consideration therefor. Therefore, I conclude offenses are not alleged.