UNITED STATES, Appellee

v

DALE C. PETREE, Specialist Third Class, U. S. Army, Appellant

8 USCMA 9, 23 CMR 233

No. 8974

Decided May 10, 1957

*Captain John F. Christensen* argued the cause for Appellant, Accused.

*First Lieutenant Arnold I. Burns* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *First Lieutenant Russell L. Brenneman, Jr.*

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused was tried and convicted by general court-martial, at a common trial with one Private E-2 Pickett, of fleeing the scene of an accident without making his identity known, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Both the accused and Pickett pleaded guilty to fleeing the scene of an accident but Pickett, in addition, was charged with and pleaded not guilty to two specifications alleging drunken and reckless driving, both in violation of Article 111, Uniform Code of Military Justice, 10 USC § 911. The accused was sentenced to a bad-conduct discharge, total forfeitures, and confinement at hard labor for six months. The convening authority approved the bad-conduct discharge but suspended it and ordered into execution a partial forfeiture of $50.00 a month for six months, and the confinement at hard labor for six months. A board of review, with one member dissenting, affirmed the findings and sentence as approved by the convening authority. We granted review to determine whether the specification was sufficient to allege an offense and whether the accused's plea of guilty was improvidently entered.

We first take up the question of whether the specification upon which the accused was tried and convicted alleges an offense. It alleged that the accused

**11**

". . . being a passenger in a vehicle at the time of an accident, did at Langenselbold, Germany, on or about 5 January 1956, wrongfully and unlawfully leave the scene of the accident without making his identity known."

At the outset we note that a failure to attack a specification because it does not state an offense cannot be waived. United States v Karl, 3 USCMA 427, 12 CMR 183. It is well established in military law that a specification which fails to allege every essential element of the offense charged is fatally defective and will not support a conviction of that charge. United States v Lorenzen, 6 USCMA 512, 20 CMR 228; United States v Lightfoot, 7 USCMA 686, 23 CMR 150, and United States v Keene, 7 USCMA 690, 23 CMR 154. The sufficiency of the specification to allege an offense may be raised at any time and a plea of guilty does not preclude an attack upon its validity. United States v Fout, 3 USCMA 565, 13 CMR 121. Entry of a plea of guilty admits all the facts pleaded but does not admit that these facts constitute a crime. United States v Puncsak, 146 F Supp 523 (Alaska) (1956).

In United States v Sell, 3 USCMA 202, 11 CMR 202, we laid down the following test to be applied in determining the sufficiency of a specification to allege an offense. We there said:

". . . The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, *but whether it contains the elements of the offense intended to be charged,* and sufficiently apprises the defendant of what he must be prepared to meet; and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Furthermore, when the pleadings have not been attacked prior to findings and sentence, it is enough to withstand a broadside charge that they do not state an offense, if the necessary facts appear in any form or by fair construction can be found within the terms of the specification." [Emphasis supplied.]

We must apply these rules to determine whether the specification herein under attack alleges an offense cognizable under the Uniform Code of Military Justice. The criminal liability of a passenger in a motor vehicle for fleeing the scene of an accident was recently before this Court in the case of United States v Waluski, 6 USCMA 724, 21 CMR 46. In that case Chief Judge Quinn discussed the accountability of one who is merely a passenger in a vehicle and who wrongfully leaves the scene of an accident where the evidence shows that the passenger was not an aider and abettor. He concluded that "a passenger's responsibility for fleeing the scene of a vehicular accident depends upon whether he acted as an aider and abettor to the driver." Judge Latimer, in the two-Judge opinion, felt that in addition to the law of aider and abettor, a member of the military who is a passenger may also be held liable "if he is senior in rank and command under conditions which permit him to issue orders to the driver" regardless of whether he aided and abetted or encouraged the driver to flee. The decisions of both Judges, however, lead to the inescapable conclusion that a passenger is not independently liable *per se* for unlawfully fleeing the scene of an accident.

Our next inquiry is to ascertain whether the specification involved in the case at bar is sufficient under either the universally recognized theory of aider and abettor or under the superimposed theory of the military superior-subordinate relationship. Article 77, Uniform Code of Military Justice, 10 USC § 877, abolished the distinctions which formerly existed between principals and aiders and abettors, and for purposes of pleading an aider and abettor may properly be charged as if he himself had directly committed the offense as a principal. United States v Wooten, 1 USCMA 358, 3 CMR 92. It is not necessary to set out the facts by

which an accused aided and abetted or advised and procured the commission of a crime. Harris v United States, 273 Fed 785 (CA2d Cir) (1921). The specification need not allege facts independent from those required to be alleged against the principal. Appendix 6a, paragraph 9, Manual for Courts-Martial, United States, 1951, states the rule of pleading in the military as follows:

> "Principals.—When a person has not himself directly committed an offense, but is liable for its commission as a principal under Article 77, he may be charged as though he himself had committed the acts which constitute the offense."

In the instant case, however, the specification does not charge the accused as the driver but merely as a passenger. Thus, in the absence of any allegation that the accused was the driver of the vehicle, or that as a passenger he aided and abetted the driver in unlawfully fleeing the scene of an accident, the specification wholly fails to allege an offense.

It next remains to consider whether the specification is sufficient to charge the accused under the doctrine of the military superior-subordinate relationship an announced by Judge Latimer in Waluski, supra. Here again the specification is fatally defective because of the failure to allege that the accused as a passenger was senior in rank and command under conditions which would permit him to issue orders to the driver. Thus under either theory of criminal liability announced in the Waluski case, supra, the specification is insufficient to impose criminal liability upon the accused.

In the course of proving its case against Pickett on the reckless and drunken driving specifications, the Government introduced evidence which incidentally touched upon the charges of unlawfully fleeing the scene of the accident. Without setting forth the evidence in detail, it is sufficient to note that there was some evidence from which a court-martial could have found the accused guilty under either theory. However, the presence of such evidence in the record cannot remedy the specification which was fatally defective on its face. United States v Fout, supra; United States v Soukup, 2 USCMA 141, 7 CMR 17. Such would be true even where the evidence of guilt is compelling. United States v Rios, 4 USCMA 203, 15 CMR 203. The defective specification cannot be cured by resorting to the evidence adduced at trial which would establish the accused's liability under either theory. Accordingly, we hold that the specification fails to allege an offense. In view of our holding it necessarily follows that the accused's plea of guilty was improvidently entered. Article 45(a), Uniform Code of Military Justice, 10 USC § 845; United States v Kitchen, 5 USCMA 541, 18 CMR 165; paragraph 70a, Manual for Courts-Martial, supra.

The decision of the board of review is reversed and the charge ordered dismissed.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

If this specification can be sustained, it must be on a theory of aider and abettor, for the theory of superiority or control is not sufficiently alleged. While a plea of guilty admits all the facts well pleaded, when this specification is measured for a statement of the charge on that theory, it is lacking in one essential ingredient. Nowhere does it appear that the accused was the senior member of the Armed Service in the car or in charge of its operation. Conceding he admitted every fact stated, he could be innocent of any offense.

The difficult question for me in this case is whether the specification states an offense under the doctrine that an aider or abettor may be charged as a principal. I must start with the premise that the provision found in Appendix 6a, page 471, Manual for Courts-Martial, United States, 1951, is a guide and, in most instances, compliance with

**13**

its provisions would be sufficient. However, if that concept of pleading were to be applied in this case, it would not help the prosecution, for at most the specification alleges merely the status of a passenger. It appears to me that this is one of a class of cases where the crime is so personal in character that charging it as an offense on the theory of a principal is inappropriate unless the accused was the actual perpetrator of a crime. For instance, I suppose that if a person were to procure liquor and thus become an aider and abettor in an offense involving drunken driving, the prosecution would not allege that the procurer was driving while drunk. To support such a theory of prosecution, a careful pleader would allege the facts showing the manner by which it was intended to hold the aider and abettor liable as a principal, Here it is doubtful that an accuser would care to charge the accused with being the driver of the vehicle, knowing that statement to be false. Moreover, it is almost a certainty this accused did not understand that he was answering to a charge of assisting another to escape. For all that appears, he may have had a perfectly good defense to that charge. Therefore, to avoid inaccurate charges and adequately to inform the accused of the offense, either an allegation of control of the vehicle, superiority in command, or a statement of the means of aiding and abetting ought to be set forth in the specification.