UNITED STATES, Appellee

v

KENNETH B. MATTHEWS, Private E-1, U. S. Army, Appellant

8 USCMA 94, 23 CMR 318

No. 9919

Decided June 28, 1957

*Major Edward Fenig* and *First Lieutenant Edwin E. Allen* were on the brief for Appellant, Accused.

*Lieutenant Colonel Thomas J. Newton* and *Captain Thomas J. Nichols* were on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Accused was tried for absence without leave and failure to obey a lawful order, violations of Articles 86 and 92 of the Uniform Code of Military Justice, 10 USC §§ 886 and 892, respectively. Pursuant to his plea of guilty, a general court-martial convicted him as charged, and sentenced him to dishonorable discharge, total forfeitures and confinement for fifteen months. The convening authority approved the findings but reduced the sentence so as to provide only for bad-conduct discharge, total forfeitures, and confinement for nine months, and a board of review affirmed. Thereafter, accused petitioned this Court, alleging that the specification hereinafter quoted failed to state an offense, for the reason that the order as set out in the specification was unlawful and invalid, and accused was not required to obey it. We granted review.

The charge and specification reads as follows:

"CHARGE II: Violation of the Uniform Code of Military Justice, Article 92

"Specification: In that Private Kenneth B. Matthews, U. S. Army, U. S. Army Special Processing Detachment Fort George G. Meade, Fort George G. Meade, Maryland, then a member of Special Processing Detachment (2124–02) Fort Monroe, Virginia, having knowledge of a lawful order issued by Chief Warrant Officer Hall T. Righter in substance and effect, to wit: to depart from Fort Monroe, Virginia on 25 September 1956, and proceed directly to his new organization (which, in effect he was advised, was The Armored Center Station Complement, Class 1 (2128), at Fort Knox, Kentucky), and to report to his commanding officer thereat no later than 2400 hours on 26 September 1956 — an order which it was his duty to obey, did, at or enroute to Fort Knox, Kentucky, on or about 26 September 1956, fail to obey the same."

From the terms of the specification, it is plain that accused was charged with having violated a travel order issued by Chief Warrant Officer Righter, but it is not alleged in the specification nor can it be ascertained therefrom that the warrant officer issued the order in a representative capacity for and in behalf of a superior. Therefore, our sole concern is whether Mr. Righter had authority to issue such an order in his own name, for if he did not, then the order would fall of its own infirmities. United States v Marsh, 3 USCMA 48, 11 CMR 48.

Authority to issue travel orders for military personnel is prescribed by law and regulations and we are unable to perceive, under any pertinent provisions, a legal basis to support the order issued in this instance. Indeed, appellate Government counsel acknowledge that they cannot distinguish the instant case from Marsh, supra, wherein a commissioned officer whose order was allegedly violated was held to have no authority to issue a similar order.

Accordingly, we hold that accused's conviction under Article 92 must be reversed. The charge and specification under which that conviction was laid are dismissed, and the record is returned for assessment of a sentence appropriate for the valid conviction of unauthorized absence.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

This case is not at all like Marsh, 3 USCMA 48, 11 CMR 48. There, the accused was charged with a violation of the order of Captain Sikes. The evidence, however, showed that the order was actually issued by Lieutenant General Hodge. At the trial, the accused moved for a finding of not guilty on two grounds: (1) That there was a fatal variance between the allegation and the proof, and (2) that there was no legal authority on the part of Captain Sikes to issue a travel order. The motion

was denied. The question on which we granted review, and on which we decided the case, was whether there was "a fatal variance between the proof and allegation."

Here, the specification alleges the violation of an order to report given by Warrant Officer Righter. There is no mention, and no evidence, of an order by any other officer. In particular, there is no allegation or evidence of an order authorizing "travel allowances" which was issued by the warrant officer. And, lest it be contended that evidence of such an order was not presented because the accused entered an inadvert-ent plea of guilty, I think it appropriate to determine what prompted the accused to plead guilty. The allied papers show that an order by the Commanding Officer of Fort Monroe transferred the accused to Fort Knox, and directed the Transportation Corps to supply the necessary transportation. To this order was added the order of Warrant Officer Righter. It clearly appears that this order was intended to be the personal order of the warrant officer, and in accord with the language in the Marsh case. I would, therefore, order the filing of briefs and hear arguments on the case.