UNITED STATES, Appellee

v

MICHAEL G. COOMBS, Private E–2, U. S. Army, Appellant

8 USCMR 749, 25 CMR 253

No. 10,325

Decided February 28, 1958

First Lieutenant Edwin E. Allen argued the cause for Appellant, Accused. With him on the brief was Major Edward Fenig.

Major Thomas J. Nichols argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel John G. Lee.

## Opinion of the Court

HOMER FERGUSON, Judge:

The single issue presented in this appeal is whether the following specification framed as a violation of Article 92 of the Uniform Code of Military Justice, 10 USC § 892, alleges an offense:

"In that Private Michael G. Coombs, U. S. Army, Service Company, 505th Airborne Infantry, having received a lawful order from Second Lieutenant Robert D. Read, his superior officer, to return to Fort Bragg, North Carolina, did, at Fort Benjamin Harrison, Indiana, on or about 15 February 1957, fail to obey the same."

A plea of guilty had been entered to this specification, together with similar pleas to two specifications alleging absence without leave in violation of Article 86 of the Code, 10 USC § 886.

The appellant contends that this case is controlled by our holding in United States v Matthews, 8 USCMA 94, 23 CMR 318. There, an order issued by a warrant officer to an accused to depart from Fort Monroe, Virginia, and proceed directly to a new organization at another place and report to the com-

manding officer by a certain time, was held illegal insofar as the record showed the order was issued by the warrant officer in his own name rather than in a representative capacity for and in behalf of a superior officer. This latter circumstance, it is urged, also brings the case under the doctrine of United States v Marsh, 3 USCMA 48, 11 CMR 48.

The Government, on the other hand, argues that giving full effect to the language employed in the specification, it plainly alleges that the accused failed to obey the lawful order of a superior officer and that such orders are presumed lawful unless evidence to the contrary is shown. We believe the Government's contention is correct and that the specification on its face sufficiently alleges an offense cognizable under the Code.

In United States v Sell, 3 USCMA 202, 11 CMR 202, we had occasion to lay down a test for determining whether or not a specification alleges an offense. We there said:

". . . The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet; and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Furthermore, when the pleadings have not been attacked prior to findings and sentence, it is enough to withstand a broadside charge that they do not state an offense, if the necessary facts appear in any form or by fair construction can be found within the terms of the specification."

That test is met here. It is well-recognized that an order issued by a superior to a subordinate is presumed lawful. Paragraph 169b, Manual for Courts-Martial, United States, 1951. Proceeding one step further, we note that the specification contains neither mention nor evidence of an order issued by anyone else nor is there any reference to an order authorizing travel allowances. The order which was the subject matter of this offense was not a transfer or travel order but what is familiarly known as a "straggler order."

In order to sustain the appellant's position, it would be necessary to go beyond the specification itself. This we are not inclined to do. Assuming, however, that we were to go behind the specification, the doctrine in the *Marsh* case would still be inapplicable for that was a contested case in which all the facts were spread upon the record. Whether the Government in the instant case could have shown that Lieutenant Read issued the order in a personal capacity need not detain us, for the accused, by his plea of guilty, has precluded the necessity of such a showing.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.