UNITED STATES, Appellee

v

HARVEY E. MOORE, Seaman Apprentice,
U. S. Navy, Appellant

9 USCMA 722, 26 CMR 502

■■■■■■■■■■■■■■■■■■■■■■

No. 11,431

Decided October 3, 1958

*Ensign David M. Clinard*, USNR, was on the brief for Appellant, Accused.

*Commander Craig McKee*, USN, and *Lieutenant Colonel Charles H. Beale, Jr.*, USMC, were on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

Accused, after entering guilty pleas, stands convicted by a special court-martial of failure to obey a lawful order in contravention of Article 92, Uniform Code of Military Justice, 10 USC § 892 (Charge II), and of absence without leave from July 6, 1957, to August 1, 1957, and from August 23, 1957, until August 29, 1957, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886 (Charge I, specifications 1 and 2), and of breaking restriction on August 23, 1957, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934 (Charge III).

We granted accused's petition for review to determine two issues.

I

The first granted issue is whether or not the specification of Charge II alleges an offense under the Uniform Code of Military Justice. The specification of Charge II makes the following allegation:

"Specification: In that Harvey E. Moore, seaman apprentice, U. S.

Navy, U. S. Naval Receiving Station, Long Beach, California, having knowledge of a lawful order issued by G. H. Wansell, Jr., Chief Warrant Officer, W–2, U. S. Navy, Retrainee Personnel Officer, U. S. Naval Retraining Command, Camp Elliott, San Diego, California, to report to the Commanding Officer, U. S. Naval Receiving Station, Long Beach, California, not later than 2400, 6 July 1957 for further transfer to Commanding Officer, U. S. S. Preston for duty, an order which it was his duty to obey, did, at the U. S. Naval Receiving Station, Long Beach, California, on or about 6 July 1957, fail to obey the same."

At the outset it is to be observed that accused's plea of guilty does not admit that the facts as set forth in the specification of the Charge constitute a criminal offense. The sufficiency of a specification to allege an offense may be raised at any time and a plea of guilty does not preclude an attack upon its validity. United States v Fout, 3 USCMA 565, 13 CMR 121; United

States v Petree, 8 USCMA 9, 23 CMR 233.

The specification in question, except insofar as it describes the warrant officer issuing the travel order as "Retrainee Personnel Officer," is substantially identical with the specification considered in United States v Matthews, 8 USCMA 94, 23 CMR 318. In holding the specification defective in that case, we said:

" . . . but it is not alleged in the specification nor can it be ascertained therefrom that the warrant officer issued the order in a representative capacity for and in behalf of a superior."

The same fault can be found with the specification now under consideration. The personification of the chief warrant officer issuing the travel order as "Retrainee Personnel Officer" in no way enables this Court to ascertain that the warrant officer acted in a representative capacity for and in behalf of his superior. See also United States v Long, 8 USCMA 93, 23 CMR 317; United States v Young, 8 USCMA 260, 24 CMR 70. Accordingly, we hold that accused's conviction under Article 92, supra, must be reversed.

II

The second issue questions whether specification 2 of Charge I and Charge III involve unreasonable multiplicity. The Government concedes that United States v Modesett, 9 USCMA 152, 25 CMR 414, is dispositive of this issue

adversely to it, and we accept the concession.

The record of trial is returned to The Judge Advocate General of the Navy to be resubmitted to the board of review for reassessment of the sentence.

QUINN, Chief Judge (concurring in part and dissenting in part):

I dissent on Point I. See my dissent in Matthews, 8 USCMA 94, 23 CMR 318. I concur in Point II.

Under the majority view the principal charge is dismissed. As a result, the punitive discharge can be sustained only as discretionary additional punishment. See Manual for Courts-Martial, United States, 1951, paragraph 127c, Section B. In my opinion, therefore, it is appropriate to order reassessment of the sentence. I join in returning the record of trial to the board of review for reconsideration of the sentence.

LATIMER, Judge (concurring in part and dissenting in part):

I concur with the author Judge on both issues. However, in view of the fact that the accused stands convicted of two offenses which carry a maximum sentence of one year with accessories, including a punitive discharge; that the court-martial considered three prior convictions for absentee offenses; and that the approved sentence is confinement at hard labor for two months with partial forfeitures and a bad-conduct discharge suspended, prejudice is insignificant. I would, therefore, disapprove the findings on Charge II but affirm the other findings and sentence.