**UNITED STATES, Appellee,**

v.

**Private (E–2) Michael K. SCHIAVO, SSN 020–56–7897, United States Army, Appellant.**

**SPCM 17416.**

U. S. Army Court of Military Review.

19 Aug. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain Dennis E. Brower, JAGC, and Captain Brenda L. Lyons, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Daniel T. Hartnett, JAGC, and Major Michael L. DeBusk, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

OPINION OF THE COURT

WERNER, Judge:

In consonance with his pleas, the appellant was convicted of several offenses, including willfully damaging military property in violation of Article 108, Uniform Code

of Military Justice, 10 U.S.C. § 908 (1976).[1] His sentence to a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $367.00 pay per month for two months, and reduction to Private E–1 was approved by the convening authority.

The appellant contends that the specification fails to state an offense under Article 108 of the Code because it does not allege that the property—a telephone—belonged to the military.[2] In opposition, the government contends that it does sufficiently state an offense by fair implication and, alternatively, even if it does not, states an offense under Article 109 of the Code, 10 U.S.C. § 909 for willful damage to nonmilitary property.

■ We agree with appellant that the specification fails to state an offense under Article 108. The test for legal sufficiency of a specification is whether it contains the elements of the offense intended to be charged; sufficiently apprises the accused of what he must defend against; and in the event of subsequent proceedings, protects him from double jeopardy. *United States v. Sell,* 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953). The specification in this case does not meet the foregoing test either expressly or by a fair construction of its terms. *United States v. Rockey,* 22 C.M.R. 372 (A.B.R.), *pet. denied,* 7 U.S.C.M.A. 784, 22 C.M.R. 331 (1956). We are cognizant of the fact that the specification does allege that the telephone was property of the United States located on a military installation in Germany. However, unlike weapons or certain tactical vehicles, a telephone is not property unique to the military even in overseas commands. Accordingly, we hold that the specification does not allege that the telephone was military property of the United States.

■ We also find that the specification fails to allege that the appellant was acting without proper authority. Not only does this independently vitiate the allegation under Article 108, *United States v. Aubert,* 46 C.M.R. 848 (A.C.M.R. 1972); *see also United States v. Rockey, supra; United States v. Allen,* 20 C.M.R. 403 (A.B.R. 1955), but under Article 109 as well. A sufficiently drawn specification under Article 109 for damaging nonmilitary, personal property must allege that the accused acted willfully and wrongfully. *United States v. Holmes,* 36 C.M.R. 550 (A.B.R. 1965); paragraph 188 *b,* Manual for Courts-Martial, United States, 1969 (Revised edition); *see also United States v. Bernacki,* 13 U.S.C.M.A. 641, 33 C.M.R. 173 (1963). As the element of wrongfulness is lacking either expressly or by implication, the specification is fatally deficient.

■ Substantive deficiencies in specifications are not waived by appellant's plea of guilty. *United States v. Moore,* 9 U.S.C.M.A. 722, 26 C.M.R. 502 (1958); *United States v. Petree,* 8 U.S.C.M.A. 9, 23 C.M.R. 233 (1957); *United States v. Hunt,* 7 M.J. 985 (A.C.M.R. 1979).

We are satisfied, based upon the numerous other offenses of which appellant was convicted and his prior disciplinary record, that appellant would have received a punitive discharge even if he had not been convicted of Charges IV and VI and their specifications.

The findings of guilty of Charges IV and VI and their specifications are set aside and dismissed. The remaining findings of guilty are affirmed. Reassessing the sen-

---

1. Contrary to the appellant's plea, the military judge inadvertently convicted the appellant of Charge VI and its specification (a five-day AWOL) even though the government presented no evidence on the offense. We will correct the error in our decretal paragraph.

2. The specification reads:

In that Private E2 Michael K. Schiavo, US Army, Company A, 1st Battalion 13th Infantry did, at H.D. Smith Barracks, Baumholder, Germany, a military installation under the control of the control of the US Army, on or about 3 January 1982, willfully damage by breaking the receiver in half, a telephone, of a value of about $16.52, the property of the United States, the amount of said damage being in the sum of about $5.00, said offense occurring outside the territorial limits of the United States and not being cognizable in a US civilian court.

tence on the basis of the above-indicated errors and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $367.00 pay per month for one month, and reduction to the grade of Private E–1.

Senior Judge O'DONNELL and Judge FOREMAN concur.