UNITED STATES, Appellee,

v.

Staff Sergeant Marvin J. PARKS, 464–94–2771, United States Army, Appellant.

ACMR 9000266.

U.S. Army Court of Military Review.

7 March 1991.

Rehearing Denied March 26, 1991.

For Appellant: Major Michael J. Kelleher, JAGC, Captain Holly K. Desmarais, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Donna L. Barlett, JAGC (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Contrary to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of attempting "to steal $1192.00, more or less, in United States currency, military property of the United States" and two specifications involving false claims against the United States, in violation of Articles 80 and 132, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 880 and 932 (1982). The judge sentenced appellant to a bad-conduct discharge and reduction to Private E1. The convening authority approved the sentence.

Two questions concerning multiplicious charging were timely raised by the trial defense counsel: whether the specifications pertaining to false claims were multiplicious for findings and sentencing with each other; and whether those specifications were multiplicious for findings and sentencing with the attempted larceny specification. The trial counsel conceded that the

charges were "probably multiplicious" but requested that the military judge defer his ruling "because of the exigencies of proof." Notwithstanding the government's concession, the military judge determined all the offenses were separate for findings purposes. He also determined that the attempted larceny and one of the false claims were separate for sentencing. We hold that the judge erred and answer both questions in the affirmative.

■■■ All specifications arose from the appellant's submission of a claim for reimbursement for a "Do–It–Yourself" (DITY) shipment of household goods from his civilian residence to military family quarters. One of the false claims specifications alleged that, in support of his claim, on 13 July 1989, the appellant used false weight certificates purporting to show that he shipped only authorized household goods when in fact the shipment included unauthorized "trash and building materials." *See* Article 132(2)(A), UCMJ. The other alleged that on the same date, he presented the same claim for approval and payment to an officer of the United States authorized to make the payment. *See* Article 132(1)(B), UCMJ. The evidence established that the appellant's conduct in submitting the false claim was the basis for the attempted larceny. We hold that there was only one offense and that all specifications were multiplicious for findings. *United States v. Allen*, 16 M.J. 395 (C.M.A.1983); *United States v. Sturdivant*, 13 M.J. 323 (C.M.A.1982); *United States v. Gibson*, 11 M.J. 435 (C.M.A.1981); *United States v. Gans*, 23 M.J. 540 (A.C.M.R.1986) *citing United States v. Fullwood*, 21 M.J. 167 (C.M.A.1985) (summary disposition). We will therefore merge the false claim charge into the attempted larceny.

■■■ After initial briefs were filed, we specified whether the evidence was sufficient to support the false claim charge. Since the false claim was the gravamen for the attempted larceny, the specified question retains its viability even though we have merged the two charges. We find that there was sufficient evidence to substantiate the appellant's guilt. Critical to resolution of this issue is whether the items shipped by the appellant were building materials or parts of a disassembled storage shed. If the former, they were not authorized to be shipped; if the latter, they were authorized. We find that the items were building materials. The appellant testified that he thought they should have been considered parts of a storage shed. However, on cross-examination and in a pretrial statement to a criminal investigator, he admitted that he had not built a shed and disassembled it prior to shipment. Rather, he stated that some building materials were previously in his possession while others were newly purchased by him from a local building supply store. We are satisfied that the appellant knew that he was not authorized to ship the items and, as he indicated in his testimony, felt that the regulation was unfair and chose to surreptitiously violate it.

■■ We also find that the record fails to establish that the property appellant attempted to steal, $1192.00 in currency, was military property. To qualify as military property, the item in question must have "some unique military nature or function." *United States v. Schelin*, 15 M.J. 218, 220 (C.M.A.1983); *United States v. Thompson*, 30 M.J. 905 (A.C.M.R.1990); *see also United States v. Schiavo*, 14 M.J. 649 (A.C.M.R. 1982); Manual for Courts–Martial, United States, 1984, Part IV, paragraphs 46b(1)(e) and 32c(1). Under the circumstances presented here, United States currency disbursed by a finance office would not have the requisite uniqueness. As this substantially reduces the maximum authorized confinement, sentence relief is warranted.

The findings of guilty of the Specifications of Charge III and Charge III are set aside and that charge is dismissed. The Court affirms only so much of the findings of guilty of the Specification of Charge I and Charge I as provides that the appellant did at Fort Hood, Texas, on or about 13 July 1989 attempt to steal $1192.00, more or less, in United States currency, property of the United States. The sentence is set aside. A rehearing on the sentence may be

ordered by the same or a different convening authority.[1]

Senior Judge JOHNSON and Judge GRAVELLE concur.

---

1. The setting aside of the sentence is conditional. If the convening authority deems a rehearing on sentence impracticable, a sentence of no punishment may be approved.