UNITED STATES, Appellee

v.

BILLY L. TEAL, Private First Class, U. S. Army, Appellant

3 USCMA 404, 12 CMR 160

No. 2767

Decided September 18, 1953

LT COL Edgar R. Minnich, U. S. Army, and 1ST LT John P. Mann, U. S. Army, for Appellant.

LT COL William R. Ward, U. S. Army, and 1ST LT Joseph C. Chandler, U. S. Army, for Appellee.

### Opinion of the Court

PER CURIAM:

Accused has been convicted by general court-martial of absence without leave and breach of arrest, violations, respectively, of Articles 86 and 95, Uniform Code of Military Justice, 50 USC §§ 680, 689. Following affirmance by intermediate reviewing authorities,

a petition of the accused for further review by this Court was granted to consider the matter hereafter set forth.

II

Accused's single assignment of error relates only to his conviction of absence without leave. Our review does

not, therefore, touch upon his conviction for breach of arrest.

The inception and termination of the unauthorized absence charged were sought to be proved—as is usual in such cases—by appropriate extract copies of morning report entries. However, the extract copies introduced in evidence do not reflect the signature of the officer authenticating the original morning report entry. Under our decisions in United States v. Parlier, 1 USCMA 433, 4 CMR 25, decided June 13, 1952, United States v. William A. Collier, 1 USCMA 439, 4 CMR 31, decided June 13, 1952, and United States v. Howard S. Smith, 2 USCMA 121, 6 CMR 121, decided December 31, 1952, this was clearly error. Although there is, in this case, certain evidence *aliunde* the morning report entries tending to show an absence by the accused, that evidence is not sufficient, standing alone, to sustain the conviction. Therefore, the error tainting the extracts of morning report entries is prejudicial, requiring reversive action by this Court.

We should also note that defense counsel here expressly declined to register an objection to receipt in evidence of these morning report extracts. However, in view of the posture of the evidence, we cannot attach to this failure of counsel the significance of a binding waiver. United States v. Howard S. Smith, *supra*.

Accordingly, the conviction of accused for absence without leave is reversed and a rehearing ordered.