UNITED STATES, Appellant

v.

DONALD G. FOUT, Private E–2, U. S. Army, Appellee

3 USCMA 565, 13 CMR 121

No. 3631

Decided December 24, 1953

LT COL William R. Ward, U. S. Army, and MAJ Irvin M. Kent, U. S. Army, for Appellant.

LT COL James C. Hamilton, U. S. Army, and 1ST LT Paul Berger, U. S. Army, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Arraigned before a general court-martial on three specifications, each alleging a separate violation of Article 86, Uniform Code of Military Justice, 50 USC § 680, the accused pleaded guilty to all specifications and to the charge. The accused was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for six months. However, a board of review set aside the findings of guilty and the sentence, and ordered the charges dismissed on the ground that each of the specifications omitted an essential element of the offense of absence without leave, i.e., "without proper authority." The Acting Judge Advocate General of

the Army thereupon certified to this Court the following question:

"As a matter of law was the board of review correct in holding that the specifications did not allege the offenses of absence without proper authority in violation of the Uniform Code of Military Justice, Article 86, and therefore that the findings could not be sustained upon a plea of guilty."

At the outset, we note that a failure to attack a specification "because it does not state an offense ▇▇▇▇▇ cannot be waived." United States v. Karl, 3 USCMA 427, 430, 12 CMR 183, 186. See also United States v. Bunch, 3 USCMA 186, 189, 11 CMR 186, 189. Even a plea of guilty does not preclude a later attack on a specification upon that ground. Manual for Courts-Martial, United States, 1951, paragraph 68b. See United Brotherhood v. United States, 330 US 395, 412, 91 L ed 973, 987, 67 S Ct 775 (1947); Michener v. United States, 170 F2d 973, 975 (CA 8th Cir) (1948); Hocking Valley Ry. Co. v. United States, 210 Fed 735, 738 (CA 6th Cir) (1914). Moreover, the presence of evidence in the record cannot remedy a defective charge. United States v. Soukup, 2 USCMA 141, 7 CMR 17.

In United States v. Sell, 3 USCMA 202, 11 CMR 202, we stated the test that we would apply in ▇▇▇▇▇ ascertaining the sufficiency of a specification. We there said (page 206):

". . . The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, *but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet;* and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Furthermore, *when the pleadings have not been attacked prior to findings and sentence, it is enough to*

*withstand a broadside charge* that they do not state an offense, *if the necessary facts appear in any form or by fair construction can be found within the terms of the specification."* [Emphasis supplied.]

This statement was a reiteration of our previous pronouncements in United States v. Marker, 1 USCMA 393, 3 CMR 127, and in accord with the standard laid down by the Supreme Court in Hagner v. United States, 285 US 427, 431, 76 L ed 861, 865, 52 S Ct 417 (1932). The same standard is provided in the Manual for Courts-Martial. Ibid, paragraphs 28a(3) and 87a(3). Tested by these requirements, it is immediately apparent that the specifications fail to set out the elements of the offense of unauthorized absence, either directly or by fair construction.

There are two elements in the offense of unauthorized absence: one is the absence, and the other the ▇▇▇▇▇ want of authority. Article 86, Uniform Code of Military Justice, supra; Manual for Courts-Martial, supra, paragraph 165, page 316. Obviously, the specifications here are completely devoid of any direct allegation of a lack of authority. Do they then set out the missing element by clear implication? We think not.

In United States v. Teal, 3 USCMA 404, 12 CMR 160, we held that evidence of mere absence would not support a conviction of an absence without authority in violation of Article 86. It necessarily follows that a ▇▇▇▇▇ plea of guilty to a specification which alleges only an absence, without any words importing a want of authority, is a plea to an innocent act. Particularly appropriate is what we said in a related connection in United States v. Karl, supra:

"As a practical matter, there is little difference between the failure of the evidence to prove an offense . . . and the failure of a specification to allege an offense. . . ."

Also in point is United States v. Bondar, 2 USCMA 357, 8 CMR 157, where we said:

". . . If 'quits' equals absence

**567**

alone, then a specification alleging desertion with intent to shirk important service *contains no allegation of unauthorized absence and, a fortiori, does not necessarily include as a lesser offense the crime of absence without authority."* [Emphasis supplied.]

The Government argues that since the absences are alleged as a violation of Article 86, the Article ■ clearly indicates the unauthorized nature of the absences. However, in United States v. Deller, 3 USCMA 409, 12 CMR 165, we held that the nature of an offense depends upon the facts set out in the specification, and not upon the Article under which it is alleged. See also: United States v. Hutcheson, 312 US 219, 229, 85 L ed 788, 792, 61 S Ct 463. Every essential element of the offense sought to be charged must ■ be alleged directly or by clear implication in the specification. See United States v. Sell, supra; United States v. Debrow, 203 F2d 699 (CA5th Cir) (1953); Harris v. United States, 104 F2d 41 (CA8th Cir) (1939).

Although we have considered the sufficiency of the specifications here as a matter of first impression, we note that, with but a single exception, each of the services has regularly held a specification legally insufficient if it alleges an absence, but contains no allegation importing a want of authority. United States v. Hunter, CM 354897, 6 CMR 172 (Army); United States v. Laplander, ACM S–2991, 5 CMR 473 (Air Force); CMO 9–1945, 381 (Navy). Illustrative of this uniform rule is the following statement in Digest of Opinions, JAG, U. S. Army, 1912–1940, § 419(1):

"The gist of the offense is not, therefore, the absence, but the absence without proper leave. An examination of the specification under Charge I discloses that the words, 'without proper leave,' are omitted therefrom. To constitute a valid charge not only should the charge designate the real offense committed but the specification should set forth the legal constituents of such offense, as defined by the statute or by the usages and precedents of the service. The plea of 'guilty' was void where the specification failed to set forth the elements constituting the offense."

Accordingly, the certified question is answered in the affirmative. The decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.