UNITED STATES, Appellee

v

GERALD W. CAUDILL, Private, U. S. Marine Corps, Appellant

16 USCMA 197, 36 CMR 353

No. 19,147

April 15, 1966

*Lieutenant Paul Gardner, Jr.,* USNR, argued the cause for Appellant, Accused.

*Colonel J. E. Hanthorn,* USMC, argued the cause for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

Arraigned and tried before a general court-martial convened by the Commanding General, Third Marine Division (Rear), the accused pleaded guilty to numerous violations of the Uniform Code of Military Justice. He was found guilty and sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for seven years. The convening authority approved only so much of the sentence as provided for bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for three years. The board of review affirmed, and we granted accused's petition for review upon the issue whether specifications 5, 6, and 7 of Additional Charge I allege the offense of forgery.

The specifications in question follow the ordinary form set out in the Manual for Courts-Martial, United States, 1951, Appendix 6c, except that they omit the allegation "with intent to de-

fraud." Typical of these counts is the following:

"Specification 5: In that Private Gerald W. CAUDILL, U. S. Marine Corps, Supply Company, Supply Battalion, 3d Force Service Regiment, 3d Marine Division (Reinforced), Fleet Marine Force, C/O Fleet Post Office, San Francisco, California 96601, did at Okinawa, Ryukyus Islands, on or about 10 April 1965, utter a certain check in the following words and figures, to wit: [check set forth *in haec verba*] a writing which would, if genuine, apparently operate to the legal prejudice of another, which said check was, as he, the said CAUDILL, then well knew, falsely made."

It is to be noted also that the Staff Legal Officer, in his pretrial advice, pointed out the specifications "fail to allege that the checks identified therein were uttered with intent to defraud, a necessary element." He recommended their appropriate amendment in the reference for trial. This, however, was not accomplished, even though trial counsel, on the record, commented on the necessity for substantial modifications "as a result of the pretrial advice." Accordingly, the specifications on which accused was arraigned and which he here questions were never appropriately corrected.

Turning to the merits of the issue, we find the Government contends each count, although lacking an express averment of the requisite intent to defraud, does allege such intent by fair implication from the other matters set forth. We disagree.

Regardless of whether it is accomplished by making or uttering, the offense of forgery in violation of Uniform Code of Military Justice, Article 123, 10 USC § 923, requires allegation and proof of an intent to defraud, as an essential element. Indeed, as we have heretofore pointed out, "the intent to defraud has been said to be 'the essence of forgery.'" United States v Ebarb, 12 USCMA 715, 717, 31 CMR 301, 303.

Generally speaking, all essential ele-

ments of an offense must be alleged in a count, but this may be accomplished either expressly or by clear implication. United States v Sell, 3 USCMA 202, 11 CMR 202; United States v Fout, 3 USCMA 565, 13 CMR 121. Thus, in United States v Reid, 12 USCMA 497, 31 CMR 83, we held lack of proper authority to sell Government property fairly implied by express averments that the accused "sold . . . on specified dates in *January* 1960, the contents of a service-wide *competitive* examination to be held in *February* 1960 . . . to a customer who would normally be interested in advancing to the rating alleged to be covered by the particular examination." United States v Reid, supra, at page 502. On the other hand, in United States v Fout, supra, we found the failure to allege lack of authority to be absent rendered a purported specification of absence without leave fatally defective. See also United States v Julius, 8 USCMA 523, 25 CMR 27.

Unlike the *Reid* case, supra, however, the Government is here unable to point to any averment within the specification which fairly implies an intent to defraud. It urges such to be found, generally, from the allegations that the accused uttered the check in question, knowing it to be falsely made, and that such check, if genuine, would operate to another's legal prejudice. But these are merely statements of the other essential elements of the offense, and Congress has declared that they do not constitute the offense of forgery unless accompanied by an intent to defraud. Code, supra, Article 123, 10 USC § 923; United States v Ebarb, supra. Their inclusion in the specification was as essential as a declaration of accused's intent, and the averment of one cannot be inferred from the setting forth of the other.

Thus, in United States v Wilson, 13 USCMA 670, 33 CMR 202, when confronted with allegations the accused falsely altered a credit reference slip, with intent to deceive, knowing the

same to be altered, we specifically pointed out, at page 673:

"The specification does not set forth the offense of forgery, *as it does not allege the accused altered the slip in question with the requisite intent to defraud.* Code, supra, Article 123, 10 USC § 923; United States v Ebarb, 12 USCMA 715, 31 CMR 301." [Emphasis supplied.]

Other authorities are in accord with this view. In White v Levine, 40 F2d 502 (CA10th Cir) (1930), it was declared, at page 503:

"Tested by section 29 on which the indictment is based, no offense was charged, as there was no averment of the essential intent 'to defraud the United States.' . . ."

See also Walker v United States, 342 F2d 22 (CA5th Cir) (1965); Lewis v United States, 8 F2d 849 (CA8th Cir) (1925); and Gesell v United States, 1 F2d 283 (CA8th Cir) (1924).

Prussian v United States, 282 US 675, 75 L ed 610, 51 S Ct 223 (1931), upon which the Government relies here as supporting its position that there need be no allegation of intent to defraud, does not support such a conclusion. Rather, it implies the contrary, for, in deciding that issue, the Supreme Court pointed out expressly such intent was not an element of the particular statutory offense for which the defendant had been indicted. The Court said, at page 680:

"Petitioner asserts that the indictment is defective in that it does not charge that the forgery was with intent to defraud the United States. See White v Levine . . . 40 F(2d) 503, supra. No such averment is required by the language of § 29 [18 USC § 73] relating to forged endorsements . . . [of Government obligations]."

Code, supra, Article 123, however, makes an intent to defraud an essential element of forgery. United States v Ebarb, supra. It is not to be fairly implied from a recital of the other elements of the same offense in the specification. United States v Wilson, supra. Indeed, this was plainly recognized by the staff legal officer prior to the trial, and it is unfortunate his perceptive recommendation was not translated into action. As it was not, however, the specifications in question must be held not to allege the offense of forgery and to constitute no basis for the findings of guilty reached thereon.

The findings of guilty as to specifications 5, 6, and 7 of Additional Charge I are set aside. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The board may reassess the sentence on the basis of the remaining findings of guilty or direct a rehearing on properly amended specifications and the penalty.

Chief Judge QUINN and Judge KILDAY concur.