UNITED STATES, Appellant and Cross-Appellee

v

HERBERT L. ROSS, Private, U. S. Marine Corps, Appellee and
Cross-Appellant

No. 26,688

June 15, 1973

*Lieutenant Commander Harvey E. Little,* JAGC, USN, argued the cause
for Appellant, United States. With him on the brief was *Lieutenant Colonel
G. L. Bailey,* USMC.

*Lieutenant Commander Jeffrey H. Bogart,* JAGC, USNR, argued the
cause for Appellee, Accused. With him on the brief was *Lieutenant Thomas
M. Geisler, Jr.,* JAGC, USNR.

## OPINION

QUINN, Judge:

On his plea of guilty, the accused was convicted by a general court-martial, consisting of a military judge sitting without court members, of wrongful possession of heroin (specification 1), wrongful possession of marijuana (specification 2), and a specification (specification 3) alleging that he "did . . . wrongfully introduce [the heroin mentioned in specification 1] . . . into a military base," all in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Reviewing the record under the provisions of Article 66 of the Code, supra, 10 USC § 866, the Court of Military Review set aside the findings of guilty of specification 3 on the ground that no offense was alleged because there was no averment of the purpose for which the heroin was introduced into the base. See Appendix 6c, No. 146, Manual for Courts-Martial, United States, 1969 (Revised edition); Department of the Army Pamphlet No. 27-9, Military Judges' Guide (1969); United States v Tisdale, NCM 73-0283 (NCMR, April 26, 1973). The accused appealed to this Court for further review, alleging that evidence of previous convictions by summary court-martial was improperly admitted at trial, and the Judge Advocate General requested review of the correctness of the court's determination that specification 3 did not state an offense under Article 134.

■ As to the accused's assignment of error, it appears that at the previous summary courts-martial, the accused was not sentenced to confinement; contrary to his contention, therefore, he had no constitutional right to representation by appointed counsel at those proceedings. United States v Alderman, 22 USCMA 298, 46 CMR 298 (May 25, 1973). As to the question certified by the Judge Advocate General, counsel have argued the matter in terms of whether the purpose for which a narcotic is introduced into a military base is an essential element of the offense, which must be alleged in the specification. The record of trial obviates consideration of the cor-

rectness of the decision of the Court of Military Review in those terms.

At trial, the accused was represented by individual military counsel and appointed defense counsel. When, after arraignment, they indicated that the defense had no motions to dismiss the charges or for appropriate relief, the judge expressed doubt that specification 3 stated an offense because of the absence of a specific averment as to purpose. Trial counsel explained that no special allegation of purpose was deemed necessary because the averments made fairly implied, as was the actual fact, that the drug was introduced for the accused's use. Alternatively, trial counsel asked for a continuance to amend the specification and "offer" another Article 32 investigation on the amended specification. He indicated that if the alternative relief was granted, the Government would "be accountable" for the resultant delay.

Asked for their views on the matter, individual defense counsel and appointed defense counsel represented to the judge that they believed "that without any other words in there" the "idea" of use by the accused as the purpose for his introduction of the heroin into the base "would be a necessary implication of the specification as alleged." In response to a direct question by the judge, the accused personally affirmed that he agreed with this interpretation of specification 3. Thereupon, the judge ruled that there was "no need" to amend the specification. The accused entered a plea of guilty to three of the four specifications charged, including wrongful possession of heroin and its wrongful introduction into the base.[1]

Before accepting the accused's plea of guilty, the judge specified the elements of the offense of wrongfully introducing the drug into the base. He handled the element of purpose of introduction as follows:

> MJ: The second element is that the introduction by you was for the purpose of use. Do you understand that?
>
> ACC: Yes, sir, I do.

---

[1] No evidence was offered as to the fourth specification, and it was dismissed by the trial judge.

MJ: Now, while that's not alleged in the specification, you and your counsel agree that it's necessarily implied. That's why you brought it aboard the reservation?

ACC: Yes, sir.

MJ: For your use?

ACC: For my own personal use, sir.

MJ: And, do you admit that it was for your own personal use?

ACC: Yes, sir.

It is indeed true, as the Court of Military Review noted, that a plea of guilty to a specification does not establish the legal sufficiency of the allegations to allege an offense. United States v Koepke, 18 USCMA 100, 39 CMR 100 (1969); United States v Fout, 3 USCMA 565, 13 CMR 121 (1953). What a plea of guilty admits is the truth of the facts set out in the specification. The question presented by this appeal is what those facts are.

■ Perhaps not every reasonable person reading specification 3 would conclude that it implied introduction of the drug for personal use. Certainly, the implication was not perceived by the trial judge in his first reading. In my opinion, it is equally clear from what happened at trial that others might draw the inference. The accused and both his lawyers, along with trial counsel, left no doubt that they read the specification to imply that the introduction was for personal use. They were so positive in their interpretation that the judge put aside his own doubt to rule that amendment of the specification was unnecessary. Consequently, even if, as the model specification in the Manual indicates, the purpose for introduction is an essential element of the offense alleged, it is indisputable the accused and his counsel knew that a purpose of use was implied in the allegations of the specification, and with that knowledge, the accused admitted, during the trial judge's inquiry into his understanding of the plea of guilty, that he entertained that purpose when he brought the drug into the base. Cf. United States v Mitchell, 6 USCMA 579, 20 CMR 295 (1955). Under the circumstances, I conclude

that the Court of Military Review erred in setting aside the findings of guilty.

■ At trial, specification 3 was determined not to be separately punishable from specification 1; and on review, the Court of Military Review made no change in the sentence, although it dismissed specification 3. Consequently, I perceive no useful purpose to be served by remanding the record of trial for further proceedings as a result of my view as to the findings of guilty of specification 3. See United States v Drexler, 9 USCMA 405, 26 CMR 185 (1958). Accordingly, the disposition directed by the Court of Military Review is affirmed.

DARDEN, Chief Judge (concurring in result):

A charge with its specification is not the same as an indictment. United States v Johnson, 12 USCMA 710, 31 CMR 296 (1962). The military pleading is more in the nature of an information and can be amended at the trial, provided the accused is not prejudiced. United States v Krutsinger, 15 USCMA 235, 35 CMR 207 (1965); United States v Johnson, supra.

In the present case, we need not reach the question whether the purpose for which heroin is introduced into a military installation is an essential element of the offense charged that must be fairly stated in the specification. In my opinion, the position of the Government, the defense counsel, and the accused at the trial constituted an amendment of the specification by stipulation to state that the heroin was introduced for the accused's own use. Cf. United States v Solak, 10 USCMA 440, 444, 28 CMR 6, 10 (1959). As the accused consented to the procedure and pleaded guilty, he was not prejudiced. Accordingly, I agree that the Court of Military Review erred in setting aside the findings of guilty. As the specification was treated as multiplicious at trial and the court did not change the sentence on review, I also agree that there is no need to return the case to the court for further action. Cf. United States v Aletky, 16 USCMA 536, 37 CMR 156 (1967).

For the reasons set forth in my separate opinion in United States v Alderman, 22 USCMA 298, 46 CMR 298 (May

25, 1973), I find no error in the court-martial's consideration of the accused's previous conviction.

I join in affirming the disposition ordered by the United States Navy Court of Military Review.

DUNCAN, Judge (concurring in part and dissenting in part):

I agree that this Court's decision in United States v Alderman, 22 USCMA 298, 46 CMR 298 (May 25, 1973), is dispositive of the appellant's assignment of error regarding the introduction of a previous summary court-martial conviction.[2] I disagree, however, that the Court of Military Review erred in setting aside the findings of guilty of specification 3 of the Charge.

In United States v Fout, 3 USCMA 565, 567–568, 13 CMR 121, 123–124 (1953),[3] this Court unanimously declared:

[A] failure to attack a specification "because it does not state an offense cannot be waived." United States v Karl, 3 USCMA 427, 430, 12 CMR 183, 186 [1953]. See also United States v Bunch, 3 USCMA 186, 189, 11 CMR 186, 189 [1953]. Even a plea of guilty does not preclude a later attack on a specification upon that ground. Manual for Courts-Martial, United States, 1951, paragraph 68b. See United Brotherhood v United States, 330 US 395, 412, 91 L ed 973, 987, 67 S Ct 775 (1947); Michener v United States, 170 F2d 973, 975 (CA 8th Cir) (1948); Hocking Valley Ry. Co. v United States, 210 Fed 735, 738 (CA 6th Cir) (1914). Moreover, the presence of evidence in the record cannot remedy a defective charge. United States v Soukup, 2 USCMA 141, 7 CMR 17 [1953].

.    .    .    .    .

Every essential element of the offense sought to be charged must be alleged directly or by clear implication in the specification. See United States v Sell . . . [3 USCMA 202, 11 CMR 202 (1953)].

See also United States v Caudill, 16 USCMA 197, 36 CMR 353 (1966); United States v Rios, 4 USCMA 203, 15 CMR 203 (1954).

And, in United States v Petree, 8 USCMA 9, 12, 23 CMR 233, 236 (1957):

Entry of a plea of guilty admits all the facts pleaded but does not admit that these facts constitute a crime. United States v Puncsak, 146 F Supp 523 (Alaska) (1956).

Ordinarily the essential elements of an offense are set forth in a particular statutory enactment. United States v Caudill, supra. In this instance, however, the Government undertook to establish an offense under Article 134, UCMJ. Cf. Levy v Parker, — F2d — (3d Cir., April 18, 1973); Avrech v Secretary of the Navy, — F2d — (DC Cir., March 20, 1973). The elements of this offense are delineated in a sample specification, Appendix 6c, No. 146, Manual for Courts-Martial, United States, 1969 (Revised edition), the only official source for such data in this instance, Article 36, UCMJ; United States v Smith, 13 USCMA 105, 32 CMR 105 (1962). The second element requires that the introduction by the accused was "for the purpose of (use) (transfer) (sale) (    )." Indeed, the military judge so informed the appellant and counsel at the trial.[4] In such circumstances, it is clear that the purpose for which the drug was introduced into the military base is a necessary ingredient of this alleged crime. Since specification 3[5]

[2] Although appellant was not then represented by counsel, his sentence did not include confinement.

[3] In *Fout,* we answered in the affirmative a certificate of the Acting Judge Advocate General of the Army which asked whether the board of review was correct in holding that a finding could not be sustained upon a plea of guilty where the specification, alleging a violation of Article 86, UCMJ, did not reflect that the absence was *without proper authority.*

[4] Department of the Army Pamphlet No. 27-9, Military Judges' Guide, at 4-167 (1969).

[5] "In that Private Herbert L. ROSS, U. S. Marine Corps, Headquarters Company, Headquarters Battalion, Marine Corps Base, Quantico, Virginia did, at Marine Corps Base, Quantico, Virginia, on or about 16 March 1972, wrongfully introduce 0.1894 grams, more or less, of a habit forming narcotic drug, to wit: Heroin, into a military base."

in the case before us fails to contain any verbiage which alleges "directly or by clear implication" a *purpose* for the introduction of the drug into the military base, it is fatally defective. United States v Fout, supra; United States v Rios, supra; and United States v Caudill, supra.

In the early case of United States v Marker, 1 USCMA 393, 3 CMR 127 (1952), this Court considered an allegation that a specification failed to contain an essential element of an offense. At that time we unanimously adopted the standard laid down by the Supreme Court in Hagner v United States, 285 US 427, 431 (1932):

> The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged.

I would answer the certified question in the affirmative.