## UNITED STATES

v.

**Roger E. HALL, 005 58 8388, Private First Class (E–2), U. S. Marine Corps.**

**NCM 77 1317.**

U. S. Navy Court of Military Review.

Sentence Adjudged 14 April 1977.

Decided 15 Aug. 1977.

CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

LCDR N. P. DeCarlo, JAGC, USN, Appellate Government Counsel.

Before NEWTON, GLADIS and GRANGER, JJ.

GLADIS, Judge:

Pursuant to his pleas, the accused was convicted at a special court-martial bench trial of three unauthorized absences totalling 53 days, wrongful possession of .36 grams of marijuana and five blank rounds of M–16 ammunition in violation of Articles 86 and 92, 10 U.S.C. §§ 886, 892, UCMJ, and sentenced to a bad conduct discharge, con-

finement at hard labor for 3 months, forfeiture of $245 pay per month for 3 months and reduction to pay grade E–1. The convening authority approved the sentence but remitted the confinement.

The issue in this case is whether appellant's possession of five rounds of blank M–16 ammunition constituted a violation of Article 1136, U.S. Navy Regulations, 1973, which proscribes unauthorized possession of any dangerous weapon, instrument, or device, or highly explosive article or compound.[1]

The blank rounds of ammunition in question did not constitute a dangerous weapon. Cf. *United States v. Bussard,* 31 C.M.R. 448 (N.B.R. 1961); *United States v. Fanning,* 25 C.M.R. 717 (N.B.R. 1957). They were not a highly explosive article. Webster's New International Dictionary (2d Ed. 1946) classifies explosives as low, propellant, and high. Gunpowder, which a blank round contains, is a propellant explosive. Dynamite and TNT are high explosives. *Id.* at 898.

In *United States v. Zamora,* No. 73 0375 (N.C.M.R. 4 May 1973) this Court said:

Generally speaking, rules applicable to the construction of statutes are also applicable through the construction of regulations. *United States v. Baker,* 18 U.S. C.M.A. 504, 40 C.M.R. 216 (1969), citing Revision in Rates filed by Plainsfield Union Water Company, 57 N.J.Super. 158, 154 A.2d 201 (1959). Criminal statutes must be strictly interpreted both with respect to the act charged as the offense and the penalty imposed. It is axiomatic that statutes creating and defining crimes cannot be extended by intendment. Before a man can be punished, his case must be plainly and unmistakably within the statute with every reasonable doubt being resolved in favor of the defendant. This is not to say the principle of strict construction requires the statute be given its narrowest meaning nor does it prevent giving the words of the statute their natural, reasonable, and accepted

meaning. See 1 Wharton's Criminal Law and Procedure (Anderson 1957), section 19.

■ Applying these principles, we conclude that the blank rounds of M–16 ammunition possessed by the accused were not dangerous weapons, dangerous instruments or highly explosive articles within the meaning of Article 1136, U.S. Navy Regulations, 1973. Therefore, specification 2 under Charge II fails to state an offense and is fatally defective. *United States v. Fout,* 3 U.S.C.M.A. 565, 13 C.M.R. 121 (1953).

■ We note that the convening authority erroneously applied forfeitures prematurely to pay becoming due on and after the date of his action contrary to the provisions of MCM, 1969 (Rev.), para. 88*d* (3) and the pretrial agreement. Any property of which the accused is deprived between the date of the convening authority's action and the date that the sentence is actually ordered into execution must be restored.

The finding of guilty of specification 2 under Charge II is set aside and dismissed. The remaining findings of guilty and, upon reassessment, so much of the sentence as approved on review below as provides for forfeiture of $245 pay per month for 3 months, reduction to pay grade E–1 and a bad conduct discharge, the execution of the latter to be suspended until 1 January 1978, at which time unless sooner vacated the punitive discharge shall be remitted without further action, are affirmed. *United States v. Silvernail,* No. 76 0314, 1 M.J. 945 (N.C.M.R. 13 May 1976), cert. dismissed, No. 32,530 (C.M.A. 26 August 1976). Forfeitures may not be applied to any pay becoming due before the sentence is ordered into execution.

Senior Judge NEWTON concurs.

Judge GRANGER (Absent).

---

1. In *United States v. Collazo,* No. 74 0033 (N.C.M.R. 19 February 1974), an unpublished decision, this Court held that an order prohibiting the possession of explosives did not prohibit the possession of ammunition.