UNITED STATES

v.

Richard D. PROVINCE II, 184 60 4944, Private First Class (E–2), U.S. Marine Corps.

NMCM 92 01495.

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 9 April 1992.

Decided 27 June 1995.

LT Matthew L. Kronisch, JAGC, USNR, Appellate Defense Counsel.

LT Philip Sundel, JAGC, USNR, Appellate Defense Counsel.

LT Errol D. Henriques, JAGC, USNR, Appellate Government Counsel.

Before ORR and MOLLISON, Senior Judges, and TUTHILL, J.

PER CURIAM:

Consistent with his pleas, the appellant was found guilty of two unauthorized absences in violation of Article 86, Uniform Code of Military Justice [hereinafter "the Code" or "UCMJ"], 10 U.S.C. § 886. The

military judge, sitting alone, sentenced him to a bad-conduct discharge, forfeiture of $100.00 pay per month for 4 months, confinement for 90 days, and reduction to pay grade E–1. The convening authority approved the adjudged sentence but suspended confinement in excess of 67 days. Before this Court, the appellant assigned three errors,[1] and we also specified an additional issue [2] which we subsequently augmented with four related questions.[3]

The appellant was originally charged with a single specification of unauthorized absence beginning on 5 May 1986 until terminated by apprehension on 24 February 1992. Prior to arraignment, the military judge noticed the single specification of unauthorized absence did not allege "without authority" and notified counsel. The judge granted a defense request for a continuance, and during that period of time an additional charge and specification against the appellant for unauthorized absence was referred to trial with the original charge. The additional charge resulted when the defense counsel disclosed to the trial counsel that the appellant had surrendered himself to military authorities at Norfolk, Virginia, on 31 December 1987. Appellate Ex. IX. The appellant turned over to his defense counsel either the original or a copy of "stragglers orders" requiring the appellant to report, without a guard, to the Security Battalion, Marine Corps Development and Training Command, Quantico, Virginia, and the defense counsel provided the trial counsel with a copy of those orders. Appellate Ex. IX; Government Motion to Attach Documents, filed 7 September 1993. The additional charge and specification alleged an unauthorized absence from 1 January 1988 until terminated by the appellant's apprehension on 24 February 1992.

After arraignment and prior to entering pleas, the appellant's trial defense counsel filed a motion to dismiss the charge and specification for failing to state an offense. The military judge denied the motion, and the appellant subsequently entered guilty pleas to both charges and specifications but excepted the words "until he was apprehended on or about 24 February 1992" and substituted "until on or about 31 December

1. I. THE MILITARY JUDGE ERRED IN DENYING APPELLANT'S MOTION TO DISMISS THE CHARGE FOR FAILURE TO STATE AN OFFENSE WHERE APPELLANT TIMELY RAISED THE ISSUE IN PRETRIAL MOTION THAT THE CHARGE OF UNAUTHORIZED ABSENCE LACKED THE WORDS "WITHOUT AUTHORITY."
 II. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. (Citations and footnote omitted.)
 III. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A KNOWING WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. (Citation, footnote, and emphasis omitted.)

2. DID THE APPELLANT RECEIVE INEFFECTIVE ASSISTANCE UNDER THE TEST OF *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), WHEN HIS TRIAL DEFENSE COUNSEL PLED THE APPELLANT GUILTY (WITHOUT A PRETRIAL AGREEMENT) AND THEREBY POTENTIALLY WAIVED THE DEFECT IN THE ORIGINAL CHARGE AND SPECIFICATION, DID NOT MOVE TO DISMISS ON THE GROUNDS THAT PROSECUTION WAS BARRED BY THE STATUTE OF LIMITATIONS, DISCLOSED TO THE GOVERNMENT THE EARLY TERMINATION OF THE APPELLANT'S ALLEGED UNAUTHORIZED ABSENCE, AND FAILED TO PURSUE A MOTION TO SUPPRESS DEFENSE COUNSEL'S DISCLOSURES TO THE GOVERNMENT RESPECTING EARLY TERMINATION?

3. —SHOULD THE TRIAL DEFENSE COUNSEL HAVE DISCLOSED THE EXISTENCE OF THE APPELLANT'S SECOND PERIOD OF ABSENCE TO THE TRIAL COUNSEL, AND IF SO, WHEN?

 —WAS THE PROPRIETY OF THAT DISCLOSURE AFFECTED BY THE EXISTENCE OF DOCUMENTARY EVIDENCE IN THE HANDS OF THE APPELLANT?
 —WHAT EXACTLY WAS THAT DOCUMENTARY EVIDENCE?
 —WAS THE DEFENSE COUNSEL OBLIGED TO TURN OVER THAT DOCUMENTARY EVIDENCE TO THE GOVERNMENT?

1987" in the specification under the original charge. The military judge then ascertained that the trial counsel had amended the specification by adding the words "without authority."[4] Record at 12.

The primary issues before this court are thus, (1) whether the charge and specification were fatally defective, and (2) whether the appellant received ineffective assistance of counsel when the trial defense counsel voluntarily disclosed the stragglers orders to the trial counsel.

## I.

In denying the defense motion, the military judge found *United States v. Watkins*, 21 M.J. 208 (C.M.A.1986), to be "controlling." That decision addressed a similar defect in an unauthorized absence offense where the accused pled guilty to a specification that failed to include the words "without authority," *but the defect was not brought up at trial and was only raised for the first time on appeal.* In 1953, the U.S. Court of Military Appeals (now the U.S. Court of Appeals for the Armed Forces) held that a specification alleging an absence in violation of Article 86 of the Code, without alleging a lack of authority for the absence, was defective. *United States v. Fout,* 3 C.M.A. 565, 13 C.M.R. 121 (1953). In deciding *Watkins* almost 3 decades later, the Court had the following to say about its decision in *Fout:*

> Where ... the specification is not so defective that it "cannot within reason be construed to charge a crime," the accused does not challenge the specification at trial, pleads guilty, has a pretrial agreement, satisfactorily completes the providence inquiry, and has suffered no prejudice, the conviction will not be reversed on the basis of defects in the specification. Thus, under the circumstances of this case, the

specification is sufficient to withstand challenge at this late stage of proceedings. To the extent that *United States v. Fout* ... holds to the contrary, it is overruled.

*Watkins,* 21 M.J. at 210.

An examination of *Watkins* and its progeny reveal two distinct standards for reviewing specifications challenged on appeal. A suspect specification which is challenged for the first time on appeal after a plea of guilty is to be liberally construed. "Under such circumstances, a specification need not expressly allege all elements of an offense, but it must at least aver all elements by implication.... However, a specification that is challenged before trial and to which an accused ultimately pleads not guilty has not been and shall not be viewed so liberally." *United States v. Bryant,* 30 M.J. 72 (C.M.A.1990) (citations omitted). *Compare United States v. Brecheen,* 27 M.J. 67 (C.M.A.1988) (holding that the element of "wrongfulness" was fairly implied from the wording of a specification alleging an attempt to distribute LSD where the specification was attacked for the first time on appeal) *with United States v. King,* 34 M.J. 95 (C.M.A.1992) (reversing a conviction for adultery where the specification failed to allege marriage to a third person, the specification was challenged at trial, and the accused pled not-guilty).

There are several obvious differences between the case now before us and the criteria quoted above from *Watkins.* The more obvious ones are: (a) the trial defense counsel here did challenge the specification; (b) the appellant had not yet entered pleas; and, (c) there was no pretrial agreement. Nor are we convinced that the appellant's subsequent guilty plea in any way diminishes his continued challenge to the suspect specification on

---

**4.** The typed words "without authority" appear on the charge sheet as an addition to the specification with the initials of the trial counsel. It is not clear whether those words were added prior to arraignment or after the defense counsel moved for dismissal of the charge. In his reply to the motion to dismiss, the trial counsel argued in the alternative that either the element "without authority" was fairly implied from other language in the specification or the Government should be allowed to amend the specification to

include those words. Appellate Ex. III. It appears the military judge decided in favor of the Government on both issues by finding, as to the former, that the wrongfulness of the absence was fairly embraced within the language of the specification and, as to the latter, by finding that the addition of the words was only a minor modification to the specification and by permitting the trial counsel to add the words to the specification. Record at 10, 12.

appeal where the military judge applied an incorrect standard in allowing the Government to amend an otherwise fatally defective specification.

 Although a specification may ordinarily be amended any time prior to entering findings, "an amendment cannot result in: (1) a different or more serious offense; (2) in raising a substantial question as to whether prosecution is barred by the statute of limitations; or, (3) in misleading the accused." *United States v. Krutsinger*, 15 C.M.A. 235, 237, 35 C.M.R. 207, 209 (1965); *United States v. Johnson*, 12 C.M.A. 710, 711, 31 C.M.R. 296, 297 (1962); *United States v. Moultak*, 21 M.J. 822 (N.M.C.M.R.1985), *aff'd*, 24 M.J. 316 (C.M.A.1987). Where an "accused is unaware of the right to assert the statute of limitations in bar of trial, the military judge shall inform the accused of this right." Rule for Courts–Martial [R.C.M.] 907(b)(2)(B). An accused's guilty plea does not invoke the principle of waiver unless an accused, on the record, voluntarily and expressly waives the statute of limitations as a bar to trial. *United States v. Miller*, 38 M.J. 121, 124 (C.M.A. 1993); *United States v. Salter*, 20 M.J. 116 (C.M.A.1985); *United States v. Rodgers*, 8 C.M.A. 226, 24 C.M.R. 36 (1957).

 In May 1986, Article 43 of the Code provided that a person charged with violating Articles 86 and 87, 10 U.S.C. § 887, UCMJ, among other articles, could not be prosecuted if the offense was committed more than 2 years before the receipt of sworn charges. 10 U.S.C. § 843(c) (1982). Amending a fatally defective specification to allege an offense where none previously existed results in an accused being tried on an unsworn, unpreferred, and unreferred charge. *Moultak*, 21 M.J. at 828. If such an amendment is made after the statute of limitations has run, the Government is barred from prosecuting the offense. *See* R.C.M. 907(b)(2) discussion. Congress ultimately recognized, however, that the dismissal of a charge or specification for technical defects would prohibit subsequent prosecution for offenses committed prior to the applicable statute of limitations

period and subsequently amended Article 43 to provide the Government with an additional 180 days from the date of dismissal to prefer and refer new charges. Military Justice Amendments of 1986, Pub.L. No. 99–661, § 805(g), 100 Stat. 3908 (codified at 10 U.S.C. 843(g) (1988)). This amendment, however, *only applies to offenses occurring on or after* November 14, 1986—more than 6 months after the inception of the appellant's absences as alleged in the original charge—and did not toll the statute of limitations for the appellant's offenses.[5]

 Observing these principles of law, we conclude that the appellant's challenge to the charge and specification and the subsequent amendment thereof to allege "without authority" reasonably raised the issue that prosecution of the amended specification was barred by the statute of limitations. The military judge did not inform the appellant of his rights under Article 43 of the Code, and the appellant did not expressly waive a subsequent challenge on appeal. Under these circumstances it would be inappropriate to apply the more liberal standard of review announced in *Watkins* and *Bryant*. As such we find that the charge and specification as initially alleged and sworn to did not state an offense, *Fout*, 3 C.M.A. at 567, 13 C.M.R. at 123 (citing *United States v. Teal*, 3 C.M.A. 404, 12 C.M.R. 160 (1953)), and the subsequent amendment to allege "without authority" permitted the Government to try the appellant on unsworn, unpreferred, and unreferred charges.

The findings to the Charge and its Specification are set aside and the Charge and its Specification are dismissed.

## II.

 Before an appellant can prevail on a claim of ineffective assistance of counsel, he must demonstrate that his counsel's performance was deficient and that as a result of counsel's performance he was deprived of his right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,

---

5. The Military Justice Amendments of 1986 also amended Article 43 of the Code to exclude periods in which an accused is absent without authority in computing the statute of limitations. Pub.L. No. 99–661, § 805(c).

80 L.Ed.2d 674 (1984); *United States v. Scott*, 24 M.J. 186, 188 (C.M.A.1987). The appellant contends that his defense counsel's performance was deficient: (1) when counsel voluntarily relinquished a copy of the straggler's orders to the trial counsel despite the Government's ignorance of the existence of the order, and (2) when counsel withdrew a motion to suppress the admission of the orders into evidence and had the appellant plead guilty to the additional charge without the benefit of a pretrial agreement. Our review is focused upon what obligation trial defense counsel had to provide the Government with pre-existing documentary evidence obtained from his client.

 Although a client's confidential disclosures made to his attorney in order to obtain legal assistance are generally privileged, this privilege is not absolute. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976). An attorney's obligation to produce evidence obtained from his client is dependent upon whether or not the Fifth Amendment would prohibit its production if such evidence were still in the hands of his client. *Fisher*, 425 U.S. at 401–02, 96 S.Ct. at 1576–77. At issue are the competing interests of protecting confidential disclosures by a client to his attorney and the attorney's duty of candor to the tribunal. *Hitch v. Pima County Superior Court*, 146 Ariz. 588, 592, 708 P.2d 72, 76 (1985). In *Fisher*, the Supreme Court held that, "pre-existing documents which could have been obtained from the client when he was in possession may also be obtained from the attorney by similar process following transfer by the client in order to obtain more informed legal advice." 425 U.S. at 403–04, 96 S.Ct. at 1577–78 (citations omitted). "[A]n attorney need not[, however,] turn over physical evidence obtained from his client if the evidence was such that it could not be obtained from the client against the client's will". *Hitch*, 146 Ariz. at 590, 708 P.2d at 74 (citing *State v. Superior Court*, 128 Ariz. 253, 625 P.2d 316 (1981)).

 It is generally accepted that the attorney-client privilege protects confidential communications rather than documentary or physical evidence which pre-exists the forma-

tion of the attorney-client relationship. *Fisher*, 425 U.S. at 407–09, 96 S.Ct. at 1579–80; *United States v. Rhea*, 33 M.J. 413, 419 (C.M.A.1991); *Clutchette v. Rushen*, 770 F.2d 1469, 1472 (9th Cir.1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1474, 89 L.Ed.2d 729 (1986); *Hitch*, 146 Ariz. at 591, 708 P.2d at 75; *People v. Swearingen*, 649 P.2d 1102, 1106 (Colo.1982); *Morrell v. State*, 575 P.2d 1200, 1207 (Alaska 1978); *State ex rel. Sowers v. Olwell*, 64 Wash.2d 828, 394 P.2d 681, 685 (1964). It is unlikely that documentary materials "created or authenticated" by a Government agency are ever protected by the attorney-client privilege. *Swearingen*, 649 P.2d at 1105 (citing *Fisher*, 425 U.S. at 426, 96 S.Ct. at 1588–89). In this case, the stragglers orders were issued by the Department of the Navy, which had a superior interest in their possession, Article 1127, U.S. Navy Regulations of 14 Sep 1990, and they did not reveal any communications between the appellant and his counsel. As such, the production of the orders was not protected by the Fifth Amendment and could have been the subject of a search warrant or subpoena. *Rhea*, 33 M.J. at 419.

The appellant argues that, even if the orders were discoverable, his counsel had no independent duty to provide a copy to the trial counsel since the Government was not actively searching for the orders. Because the defense counsel received the orders in connection with his representation of the appellant, his actions are governed by the rules of professional responsibility. *Hitch*, 146 Ariz. at 593, 708 P.2d at 77. We turn to those rules to resolve the question whether such an independent duty exists.

 The Judge Advocate General of the Navy has established rules regulating the professional conduct of judge advocates practicing under his supervision. At the time of the appellant's court-martial, Judge Advocate General Instruction [JAGINST], 5803.1 of 26 Oct 1987 was the version of the rules in effect. Several of its provisions are applicable in this case. Rule 1.6 provides in part that: "A judge advocate shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impli-

edly authorized in order to carry out the representation...." JAGINST 5803.1, Rule 1.6(a). A judge advocate's duty to his client does not, however, exist in a vacuum. A judge advocate may not "unlawfully obstruct another party's access to evidence or unlawfully alter, destroy, or *conceal* a document or other material having potential evidentiary value; a judge advocate shall not counsel or assist another person to do any such act." JAGINST, 5803.1, Rule 3.4(a) (emphasis added). As the Court of Miliary Appeals pointed out in *Rhea*, the Rules for Court–Martial also provide for equal discovery of material evidence by the prosecution as well as an accused. 33 M.J. at 418 (citing R.C.M. 703(f)(1), (4)). When a judge advocate comes into possession of documentary or physical evidence relevant to a matter before court-martial, Rule 3.3(d), *Candor and Obligations Toward the Tribunal,* requires a judge advocate to request an *ex parte* proceeding before the military judge and disclose "all material facts known to the judge advocate which are necessary to enable the tribunal to make an informed decision, whether or not the facts are adverse."

Because the Government had a right to possess the orders in question, the trial defense counsel had an affirmative duty to disclose their existence once his client placed them in his possession regardless of whether or not the Government would have inevitably discovered their existence. *Clutchette,* 770 F.2d at 1472–73 n. 1. To permit otherwise "might encourage defense counsel to race the police to seize critical evidence." *Id.* (quoting *People v. Meredith,* 29 Cal.3d 682, 175 Cal.Rptr. 612, 619, 631 P.2d 46, 53 (1981)). Concluding that counsel had an affirmative duty to disclose the orders and that the orders were admissible against the appellant

at trial, we find that the appellant did not receive ineffective assistance when his counsel withdrew the motion to suppress the stragglers orders and advised the appellant to plead guilty.[6]

The findings of guilty to the Additional Charge and its Specification are affirmed. In accordance with the principles most recently announced in *United States v. Jones,* 39 M.J. 315 (C.M.A.1994), we have reassessed the sentence and affirm the sentence as approved on review below.

ORR, Senior Judge, and TUTHILL, J., concur.

MOLLISON, Senior Judge, concurred prior to Reassignment.

---

6. Although we find that the trial defense counsel had an affirmative duty to disclose the straggler's orders, his conduct is not free from criticism. At trial, the parties entered into a stipulation of fact explaining the circumstances under which the stragglers orders were revealed to trial counsel. Appellate Ex. IX. When counsel provided the orders directly to the trial counsel he disclosed not only the source of the orders, but portions of the conversation with his client as well. Appellate Ex. IX, ¶¶ 3–4. As noted above, JAGINST 5803.1, Rule 3.3(d) required the defense counsel to reveal the stragglers orders to the military judge. The military judge was then free to provide the orders to the Government without disclosing either their source or statements made by an accused to his counsel. The appellant, however, has not suffered any prejudice as a result of his counsel's failure to follow this procedure. The contents of the document, itself, provided practically all the information necessary to prosecute the additional charge, including the appellant's signature acknowledging receipt of the orders and his understanding of his obligations as outlined therein.