568

## JACOBS v. UNITED STATES.*

Circuit Court of Appeals, Sixth Circuit.
March 15, 1929.

No. 5207.

John J. Sterling, of Benton Harbor, Mich., for appellant.

E. J. Bowman and L. H. Grettenberger, both of Grand Rapids, Mich., for the United States.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. Appellant was convicted of perjury and sentenced to the penitentiary. The false statement which he was alleged to have made was that he and his partner, Adelberg, had sold and transferred a certain land contract to Adelberg's niece, Gussie Greenberg, on September 5,

*Certiorari denied, 49 S. Ct. 483, 73 L. Ed. —.

1925. It was admitted at the trial that he made the statement under oath at a hearing in bankruptcy, and that it was material to the matters there under investigation. The defense was that the statement was true. The main contention here is that there was not sufficient evidence to the contrary to submit the case to the jury.

The government introduced no witnesses who testified directly to the falsity of the statement. It relied upon the character of evidence referred to in United States v. Wood, 14 Pet. 430, 10 L. Ed. 527, cited with approval in Hammer v. United States, 271 U. S. 620, 46 S. Ct. 603, 70 L. Ed. 1118. Appellant introduced in evidence two assignments to Greenberg, both written by appellant, dated September 5, and signed by the parties. The government contended that those assignments were gotten up by appellant much later than September 5, and within four months of the adjudication in bankruptcy, for the purpose of preventing this property from passing into the hands of his trustee in bankruptcy. There was an adequate factual basis for such an inference in the proofs. The jury accepted that inference, as it had the right to do, as against evidence which the appellant offered to the contrary. Kahn v. United States (C. C. A.) 214 F. 54; Gordon v. United States (C. C. A.) 5 F.(2d) 943; Sharron v. United States (C. C. A.) 11 F.(2d) 689.

Objection was made to the admission in evidence of a credit statement given by Jacobs and Adelberg to the Butler Bros., in February of 1925. This statement estimated the equity of Jacobs and Adelberg in the Berrien Springs property at $2,000, which was $1,300 more than the alleged consideration received from Greenberg several months later, when the equity had been increased by interim payments. This estimate was undoubtedly pertinent as tending to show that there was not a transfer of the contract on September 5th. The other evidence complained of was either not objected to at the time it was offered, or, if objected to, was clearly admissible. The objection that is now made to the court's charge was not made on the trial, and is not open to appellant. If it were, we would be compelled to hold that there was no error. Nor was it error to refuse to grant a new trial upon the ground that the verdict and judgment constituted a miscarriage of justice. Our study of the evidence does not convince us that an injustice has been done.

Affirmed.