**UNITED STATES**

v.

**Sergeant Jesse C. ALSTON, FR 116–36–4708, United States Air Force.**

**ACM S25034.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 20 June 1980.

Decided 19 May 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Colonel George R. Stevens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Captain George D. Cato.

Before ARROWOOD, MAHONEY and MILLER, Appellate Military Judges.

**DECISION**

MILLER, Judge:

Tried before a special court-martial composed of members, the accused was convicted of perjury at his own previous trial. He was sentenced to a bad conduct discharge.

At trial all elements of the offense were established except that the offense occurred in a judicial proceeding, i. e., that the court-martial had been duly detailed and constituted.

Unlike Article III courts which are of continuing jurisdiction, military courts are of limited jurisdiction, created only for the trial of certain existing cases. Therefore, presumptions of regularity applying to the proper constitution of federal courts (*See, United States v. Anfield*, 539 F.2d 674

---

(9th Cir. 1976) are not applicable to military courts. The Manual for Courts-Martial, 1969 (Revised Edition) makes this clear at paragraph 210:

> If the accused is charged with having committed perjury before a court-martial, it must be shown that the court-martial was duly detailed and constituted. Ordinarily this may be shown by introducing in evidence pertinent parts of the record of trial of the case in which the perjury was allegedly committed or by the testimony of a person who was counsel, the military judge, or a member of the court in that case *to the effect that the court was so detailed and constituted.* [Emphasis added]

█ Here, no document evidencing whether the previous court had been duly detailed and constituted was introduced into evidence. And, although both trial and defense counsel from the previous court testified, neither was asked whether that court had been properly detailed and constituted. In sum, no evidence was introduced to prove this essential element.

Absent the Article III Court presumption of regularity, we conclude that the court panel did not have sufficient evidence before it to conclude beyond a reasonable doubt that the offense occurred in a judicial proceeding. *See, United States v. McQueen,* 49 C.M.R. 355 (N.C.M.R.1974).

Accordingly, the findings are set aside and the charge is ordered dismissed.

ARROWOOD, Senior Judge, and MAHONEY, Judge, concur.