**UNITED STATES, Appellee,**

v.

**Robert L. WARREN, Jr., Private,
U. S. Marine Corps.**

No. 40342/MC.
NCM 80–1179.

U. S. Court of Military Appeals.

June 14, 1982.

For Appellant: Lieutenant Commander Stephen C. Baker, JAGC, USN (on brief); Lieutenant Commander Patrick A. Fayle, JAGC, USN.

For Appellee: Commander T. C. Watson, Jr., JAGC, USN, Lieutenant J. G. Van Winkle, JAGC, USN (on brief).

*Opinion of the Court*

PER CURIAM:

As a result of an incident that occurred at Camp Lejeune, North Carolina, on the morning of September 26, 1979, appellant was found guilty by a military judge, sitting as a special court-martial, of disrespect to a superior commissioned officer, willful disobedience of an order from that officer, failure to obey the order of a superior noncommissioned officer, and communicating threats to injure the officer and noncommissioned officer, in violation of Articles 89, 90, 92, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 889, 890, 892, and 934, respectively. The sentence adjudged was a bad-conduct discharge, confinement at hard labor for 3 months, and partial forfeitures for a like period. The findings and sentence were approved by the convening authority and by the officer exercising general court-martial jurisdiction; the United States Navy Court of Military Review affirmed. We granted review of an assigned issue concerning the sufficiency of the evidence to sustain the conviction of willfully disobeying the order of the commissioned officer. 11 M.J. 91.

All of the charges against appellant arose from an unsuccessful effort to get him out of bed and into the field. Sergeant Schnell, his acting platoon sergeant, had attempted to awaken Private Warren—first by words and then by shaking his foot and attempting to pull him from his tent. The platoon commander, Lieutenant Ferriole, had observed these events, which already had resulted in a threat by appellant against Sergeant Schnell. Thereupon, according to the lieutenant

I took Private WARREN over, sat him down by the fire, and started talking to him sir. And, I told him I wanted him to calm down and relax. Take it easy for a minute. And Private WARREN was ranting and raving and babbling on about he was going to get somebody to take care of us all. He was going to get his friend to beat everybody up.

Charge II alleged that appellant had willfully disobeyed an order by Lieutenant Ferriole "to settle down and be quiet." The sanctions for disobedience of an order are grave—indeed, dishonorable discharge and 5 years' confinement for willfully disobeying the order of a superior commissioned officer. Table of Maximum Punishments, para. 127*c*, Manual for Court-Martial, United States, 1969 (Revised edition). Thus, it is especially important that a servicemember have adequate notice that words directed to him by an officer are intended as an order, so that he will be well aware that by non-compliance he will subject himself to severe punishment. *Cf.* U.S.Const.Amend. V; *Lambert v. California,* 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957).

■ Accordingly, it is well established in military law that

[t]o be classed as an order, a communication must amount to a "positive command." *United States v. Glaze,* 3 USC-MA 168, 173, II CMR 168; Winthrop's Military Law and Precedents, 2d ed., 1920 Reprint, page 578.

*United States v. Mitchell,* 6 U.S.C.M.A. 579, 581, 20 C.M.R. 295, 297 (1955). The recipient of the order must be placed on notice that the officer who gives the order is bringing his authority to bear to compel compliance. However, "[t]he form in which the command is expressed is immaterial," *ibid*; and "the mere fact that it is phrased in precatory form does not necessarily render it less than a positive command," *United States v. Glaze, supra* at 173, 11 C.M.R. at 173. Moreover, "[i]f the language of a communication lacks specificity of meaning, extrinsic evidence is admissible for the purpose of clarification." *United States v. Mitchell, supra.*

■ When we apply these principles to the record of trial before us, we conclude that the Government has failed to establish appellant's guilt. In the context in which Lieutenant Ferriole was dealing with appellant—who was emotionally distraught at the time—it is unclear what the officer meant when he "told him I wanted him to calm down and relax. Take it easy for a minute." These words could be construed as an order, but they also might signify that Lieutenant Ferriole, who was the platoon commander, was counseling appellant how better to handle his altercation with Sergeant Schnell. Nowhere else in the record is the ambiguity resolved; indeed, the extrinsic evidence reinforces that ambiguity. Therefore, pursuant to the due process requirement of notice, *Lambert v. California, supra,* we conclude that the Government failed to show that an *order* was given to appellant.

Accordingly, the decision of the United States Navy Court of Military Review is reversed as to Charge II and its specification; and the findings as to that charge are set aside; and the charge is dismissed. However, we are convinced that, under the circumstances of this case, appellant suffered no prejudice as to sentence because of the erroneous findings of guilty. Therefore, the decision below as to the remaining findings and the sentence is affirmed.

Judge COOK concurs in the result.