UNITED STATES, Appellee

v.

Private (E–1) Richard L. JORDAN, 081–56–0427, United States Army, Appellant.

SPCM 19918.

U.S. Army Court of Military Review.

22 Aug. 1985.

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Major Lawrence F. Klar, JAGC, Captain Robert W. Wiechering, JAGC, Major Allan L. Placke, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Patrick M. Flachs, JAGC, Captain Robert L. Swann, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge.

Appellant was tried by a special court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of two specifications of perjury, in violation of Article 131, Uniform Code of Military Justice, 10 U.S.C. § 931 (1982) [hereinafter cited as UCMJ]. Pursuant to his pleas, he was convicted of being absent without leave, in violation of Article 86, UCMJ. Appellant was sentenced to a bad-conduct discharge, confinement at hard labor for two months and forfeiture of $330.00 pay per month for two months, which the convening authority approved.

Appellant contends on appeal that his convictions for perjury must fail on two grounds: first, that the government failed to prove that the two trials by court-martial at which appellant gave his allegedly false testimony were duly detailed and constitut-

ed; and second, that the evidence is insufficient as a matter of law and fact to establish his guilt.

This case has its origin in a special court-martial in which appellant pleaded guilty and was convicted of the offenses of attempted larceny and the destruction of private property. Pursuant to the terms of a pretrial agreement, appellant entered a stipulation of fact, and agreed to testify truthfully in the cases of *United States v. Thompson* and *United States v. Nelson.* The pertinent portion of the stipulation of fact entered by appellant and admitted into evidence reads as follows:

> At 2200 hours on 8 October 1982, the accused, PV2 Eugene Hodges, PFC Richard Thompson, and SP4 Robert Nelson were at the McNair enlisted men's club, in Frankfurt, Germany. While there, they planned to break into a jewelry store near the club and steal a men's gold ring.... They proceeded to walk downtown.... After the traffic quieted, and there were no people in sight, the group ran into the street and the accused and one other person threw bricks through two windows of Buchwald's jewelry store.

The government's theory at the trials of Nelson and Thompson was that those individuals were guilty as aiders and abettors in carrying out a plan to break into a jewelry store, said plan having been devised at the McNair enlisted club. Appellant was called as a government witness against Nelson and contradicted the stipulation of fact by testifying under oath that although he and Nelson met at the McNair enlisted club, they did not discuss a break-in or plan to break into a jewelry store. Appellant testified that later, as they walked downtown, he "said something about breaking the store window" but he was not sure "if everybody heard me or not." Appellant testified that he was the only one who threw a brick. As a defense witness at Thompson's trial, appellant initially testified under oath that a plan had been made at the McNair club, but later changed his testimony and denied the existence of such a plan. Appellant's allegedly false testimony in the courts-martial of Nelson and Thompson, in which he denied the prior planning of the jewelry store break-in, forms the basis for the two specifications of perjury before us.

█ With respect to appellant's first contention, in a court-martial for perjury "it must be shown that the court-martial was duly detailed and constituted." Paragraph 210, Manual for Courts-Martial, United States, 1969 (Revised edition) [hereinafter cited as Manual]. Appellant relies on *United States v. Alston*, 11 M.J. 656 (A.F.C.M. R.1981), for the proposition that a presumption of regularity does not attach to courts-martial and that the lack of a document evidencing whether the previous court has been duly detailed and constituted is a fatal defect in proof. However, *Alston* ignores an early decision of this court which determined that a presumption of regularity attaches to evidence of a prior judicial proceeding. *United States v. Newton*, 22 C.M.R. 534, 544 (A.B.R.1956) (interpreting a virtually identical provision in the Manual for Courts-Martial, United States, 1951). We find *Newton* to be the more persuasive. The government met its burden in this case by introducing into evidence portions of the records of trial from both the Nelson and Thompson trials which reflected on the first page of each exhibit the name of the case, the trial date, and the fact that each was tried by special court-martial convened by the Commander, V Corps, United States Army, a general court-martial convening authority. This evidence raises a presumption that both special courts-martial were duly detailed and constituted.

Appellant's second contention is grounded on the "two witness" principle which provides that the falsity of allegedly perjured testimony must be proved by the testimony of two independent witnesses or the testimony of one witness supported by corroborating evidence. *Weiler v. United States*, 323 U.S. 606, 607, 65 S.Ct. 548, 549, 89 L.Ed. 495 (1945); *United States v. Guerra*, 32 C.M.R. 463, 466 (C.M.A.1963). As a result, a perjury conviction "cannot be

sustained by mere evidence of inconsistent or contradictory statements made under oath, but that the falsity of the statement charged to be perjured must be established either by two independent witnesses, or by one witness who 'is supported by independent evidence that is inconsistent with the innocence of the defendant'." *United States v. Buckner*, 118 F.2d 468, 469 (2d Cir.1941).[1]

■ However, the two witness rule does not apply where the falsity of an accused's oath is "directly disproved by documentary or written testimony springing from [the defendant], with circumstances showing the corrupt intent ... [or] by a public record, proved to have been well known to the defendant when he took the oath." *United States v. Wood*, 14 Pet. 430, 441, 39 U.S. 430, 10 L.Ed. 527 (1840); *United States v. Flores-Rodriguez*, 237 F.2d 405, 408 (2d Cir.1956). *See also Hammer v. United States*, 271 U.S. 620, 627, 46 S.Ct. 603, 604, 70 L.Ed. 1118 (1926) ("[U]ndoubtedly in some cases documents emanating from the accused and the attending circumstances may constitute better evidence of such falsity than any amount of oral testimony"); *United States v. Nessanbaum*, 205 F.2d 93, 96 (3d Cir.1953); Annot. 49 A.L.R.Fed. 185, 203–204 (1980). This exception to the "two witness" rule is fully applicable in military law, where it is set forth at paragraph 210, Manual,[2] which provides that:

> documentary evidence directly disproving the truth of the statement charged to have been perjured need not be corroborated if the document is an official record shown to have been well known to the accused at the time he took the oath or if it appears that the documentary evidence had sprung from the accused himself—or had in any manner been recognized by him as containing the truth—before the allegedly perjured statement was made.

■ The crucial issue to be resolved in this case is whether the stipulation of fact entered into by appellant and the government in his original court-martial constitutes documentary evidence, springing from appellant or in any manner recognized by appellant as containing the truth, which directly disproves his later sworn testimony in the Nelson and Thompson trials. Federal and military case law provides the parameters for our analysis, but does not supply a case directly on point. The classic example of the documentary evidence rule is described in *United States v. Wood*, 14 Pet. at 441, where an accused "swears unequivocally to a fact, and as positively against it. A document is produced, executed by himself, decisive of the truth of the fact." That document alone, coupled with the contradictory oaths, provides conclusive proof as to perjury. Another example is found in *Jacobs v. United States*, 31 F.2d 568 (6th Cir.), *cert. denied*, 279 U.S. 869, 49 S.Ct. 483, 73 L.Ed. 1006 (1929) (cited in *United States v. Nessanbaum*, 205 F.2d at 97), where proof of perjury consisted of two business documents written by the accused which materially contradicted his sworn testimony. These examples are illustrative of the underlying principle that documentary evidence must be "as strong and convincing as where oral testimony is relied upon." *United States v. Nessanbaum*, 205 F.2d at 97.

In the case at bar, the stipulation of fact entered into by appellant and the government and received into evidence at his original court-martial constitutes documentary evidence which had been recognized by appellant as containing the truth before the allegedly perjured statement was made. Although the government required appellant to enter a stipulation of fact as part of the pretrial agreement,[3] the appellant initi-

---

1. This doctrine is based on the fear that innocent witnesses might be unduly harassed or convicted in perjury prosecutions if a less stringent rule were adopted. *Weiler v. United States*, 323 U.S. at 609, 65 S.Ct. at 550 (1945).

2. This provision is also set forth in Part IV, paragraph 57c(2)(c) Manual for Courts-Martial, United States, 1984.

3. Pretrial agreements which compel an accused to stipulate with the trial counsel as to the

ated the pretrial negotiations, and the military judge ascertained from appellant that the content of the stipulation was accurate, complete, and true. The factual detail of the stipulation, the military judge's inquiry concerning its content, and the fact that it was voluntarily entered into by the appellant renders the stipulation a highly credible document. Appellant's belated argument that the content of the stipulation is subject to doubt because he may have lied about Nelson's and Thompson's complicity in order to enhance his bargaining position is not persuasive.

The stipulation of fact constitutes direct and positive evidence of the falsity of appellant's testimony willfully made under oath in the trials of Nelson and Thompson. We need not decide whether corroboration is required in this case, because strong and direct corroboration was in fact provided by the testimony of Captain B, the trial counsel in appellant's first trial, who interviewed appellant prior to the Thompson trial and who testified that appellant stated to her that a plan was made at the McNair enlisted club to break into a jewelry store. *See United States v. Goldberg,* 290 F.2d 729, 734 (2d Cir.), *cert. denied,* 368 U.S. 899, 82 S.Ct. 176, 7 L.Ed.2d 94 (1961) (corroboration provided by testimony of a second witness to a statement emanating from the defendant); *Brown v. State,* 225 Md. 610, 171 A.2d 456 (1961).

The remaining errors asserted by appellant are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge WOLD and Judge FELDER, concur.*

factual basis of an offense have long been sanctioned. *United States v. Sharper,* 17 M.J. 803, 806 (A.C.M.R.1984).