**UNITED STATES**

v.

**Airman Basic Stephen M. SELMAN, FR 474–76–7853, United States Air Force.**

**ACM S27978.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 28 Sept. 1988.

Decided 22 March 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Frank J. Spinner.

Appellate Counsel for United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Terry M. Petrie.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

Airman Basic Selman was a prisoner at Hurlburt Field, Florida. Despite his pleas, he was found guilty by a special court-martial of disobedience of a superior commissioned officer, assault, and perjury, violations of Articles 90, 128, and 131, UCMJ, 10 U.S.C. §§ 890, 928, 931. Before us, he mounts an attack on all charges, arguing that the evidence is insufficient to sustain findings of guilty as to each.

### Willful Disobedience

■ We agree with the appellant that his conduct did not violate Article 90. After a determination to place him in minimum custody status, Airman Basic Selman received a letter requiring him to obey certain restrictions when checking out of the confinement facility. In particular, he was required to go to and from "appointments, details and any place authorized" by the most direct route, and he was required to sign in and out when doing so. The letter containing these directions was passed to the appellant by the non-commissioned officer in charge of the confinement facility.

■ We hold that the crime of willful disobedience was not proved here. The letter in question was, in effect, a standing order or procedure governing the conduct of all prisoners. The requirements in the letter did not amount to a personal order directed specifically to a subordinate by a commissioned officer. *See* paragraph 14c(2)(b), Part IV, Manual for Courts–Martial 1984; *United States v. Cherry*, 22 M.J. 284, 286 (C.M.A.1986); *United States v. Warren*, 13 M.J. 160, 161 (C.M.A.1982). It follows that the appellant is not guilty of willful disobedience in violation of Article 90. *See United States v. Bratcher*, 19 U.S.C.M.A. 125, 39 C.M.R. 125 (1969). However, we believe the evidence sufficient to prove the crime of failure to obey a lawful order, a violation of Article 92(2), UCMJ, 10 U.S.C. § 892(2). *See United States v. Loos*, 4 U.S.C.M.A. 478, 16 C.M.R. 52 (1954).

Evidence at trial showed that the appellant had signed out for Sunday Mass. The prosecution produced witnesses, including the priest who celebrated that service and a confinement supervisor, who stated that Airman Basic Selman was not at Mass and was not to be seen on the most direct route between the chapel and the confinement facility.

■ Before us, the appellant suggests that his charged failure to attend divine worship or to remain on the most direct path between church and the confinement facility involve him in an "ultimate offense" question such as that raised in *United States v. Peaches*, 25 M.J. 364 (C.M.A.1987). Thus, the defense argues that: (a) appellant's conduct amounts to either failure to go or breaking restriction, which are punishable under Articles 86 or 134, UCMJ, 10 U.S.C. §§ 886, 934; but (b) he is not guilty of the more serious crimes of disobedience or failure to obey. In sum, the defense seeks to invoke the so-called "Footnote 5" rule that the punishment for an Article 92 violation does not apply when the accused's conduct subjects him to a lesser punishment under another specific UCMJ offense. *See* Paragraph 16e(2), Part IV, Manual for Courts–Martial 1984. *See also United States v. Battle*, 27 M.J. 781 (A.F.C.M.R.1988). We discern no "ultimate offense" issue on the facts of this case. Airman Basic Selman's conduct is neither a failure to go nor a breach of restriction. Accordingly, his conduct is punishable under Article 92(2); the assignment of error is without merit.

### Perjury

■ At trial, the appellant was convicted of perjury. As for proving three of the elements of perjury—that Airman Basic Selman had testified at a duly constituted judicial proceeding, that he had taken a lawful oath, and that he had been administered that oath by a person authorized to do so—the government relied on an oral stipulation of fact. This occurred after the trial defense counsel had indicated in a prior Article 39(a) session that there was no dispute between the contestants as to these matters. Citing *United States v. McQueen*, 49 C.M.R. 355 (N.C.M.R.1974),

the defense now contends that the three elements of perjury under discussion are questions of law which cannot be established by a stipulation of fact. *See also United States v. Alston,* 11 M.J. 656 (A.F. C.M.R.1981).

We believe *McQueen* is factually distinguishable. There, no stipulation of the parties conceded that the prior court-martial had been "duly constituted." Instead, other data was offered at trial to satisfy that missing element, to include a stipulation which merely stated that the accused had taken an oath. Thus, the evidence introduced at the trial level "simply does not show that a prior court-martial was detailed and constituted." *United States v. McQueen,* at 357. Here, the element of a legally constituted court was stipulated to. Furthermore, the present record offers far more detail supporting the assertion that there had been a legitimate judicial proceeding since—unlike *McQueen*—a convening authority has been identified and an appointing order introduced into evidence. *Ibid.* Finally, it is clear from reading the record in the present case that Airman Basic Selman was in no way contesting whether he took a lawful oath in a valid trial or that it was administered by a person authorized to do so. Instead, he was contending that his testimony at the prior court-martial was true. Thus, the stipulated elements were never the bone of contention between these parties.

■ Distinguishing the *McQueen* decision factually does not dispose completely of the appellant's contentions. He also asserts that underpinning *McQueen* is the concept that a stipulation is effective only as to items of fact, not conclusions of law; therefore, his argument runs, there is a failure of proof as to vital elements of perjury. At first glance, his argument is attractive. The *McQueen* decision cites the then-current section of Corpus Juris Secundum on stipulations. That authority recites the proposition that parties may not stipulate as to the law so as to bind the court. This concept prevails in more recent treatises as well. *See* 70 C.J.S. Sec. 23 (1987); 60A Am.Jur.2d Secs. 70 and 90

(1988) and Annot., 36 A.L.R.3d 1038 (1971). After analysis of these sources and pertinent case law, we believe the appellant's argument is misconceived. We read the "true rule" of the cases to be this: A court is not bound by a stipulation *when that stipulation seeks to foreclose the court from an area within its legitimate sphere of responsibility.* See, e.g., Swift & Co. v. Hocking Valley Ry. Co., 243 U.S. 281, 289, 37 S.Ct. 287, 289, 61 L.Ed. 722 (1917), the leading Supreme Court Case, where the dispute was over whether a railroad was "private" or "public". *See also Avila v. Immigration and Naturalization Service,* 731 F.2d 616, 620–621 (9th Cir.1984); *Noel Shows, Inc. v. United States,* 721 F.2d 327, 330 (11th Cir.1983); *King v. United States,* 641 F.2d 253 (5th Cir.1981); and *United States v. Lisk,* 522 F.2d 228, 231, n. 8 (7th Cir.1975). Contrariwise, if the stipulation merely concedes that which is uncontested and which is not against public policy, we see no impediment to its being accepted.

Our position that stipulations may be used in a case such as the present one is buttressed, we believe, by the Court of Military Appeals decision in *United States v. Meadows,* 13 M.J. 165, 168 n. 4 (C.M.A. 1982) ("an accused may stipulate to facts which establish that jurisdiction exits").

In any event, to the extent that *United States v. McQueen* is authority to the contrary, we decline to follow it. *See United States v. Newton,* 22 C.M.R. 534, 541–546 (A.B.R.1956) (extensive analysis).

We also find that the accused's consent to the stipulation was sufficient. *United States v. Barbeau,* 9 M.J. 569, 571 (A.F.C. M.R.1980) *pet. denied* 9 M.J. 277 (1980). *See also United States v. Gonzales,* 14 M.J. 501, 505 (A.F.C.M.R.1982).

### Assault

We find the evidence fully supports the finding of guilty of the offense of assault.

■ Based on our findings as to the first assignment of error, we will reassess. As to Charge I, only so much of the findings as finds that the appellant is guilty of the lesser included offense of failure to obey a lawful order, a violation of Article 92(2),

are approved. The convening authority approved a sentence of a bad conduct discharge, confinement for four months and forfeitures of $447.00 pay per month for four months. Upon reassessment, we affirm only so much of the sentence as provides for a bad conduct discharge, confinement for three months, and forfeitures of $447.00 pay per month for three months.

The findings of guilty and the sentence, as modified, are

AFFIRMED.

Senior Judge LEWIS and Judge BLOMMERS concur.