UNITED STATES, Appellee,

v.

Specialist Claudio I. MANTILLA, 098–68–5059, United States Army, Appellant.

ACMR 9102215.

U.S. Army Court of Military Review.

27 Nov. 1992.

For Appellant: Major Robert L. Gallaway, JAGC, Captain Robert L. Carey, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC, Captain Steven M. Walters, JAGC (on brief).

Before De GIULIO, ARKOW, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a special court-martial composed of officers. Contrary to his pleas, he was found guilty of failure to repair, willful disobedience of an order of a noncommissioned officer, contempt toward a noncommissioned officer, and striking a superior noncommissioned officer who was in the execution of his office, in violation of Articles 86 and 91, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 891 (1982). He was sentenced to a bad-conduct discharge, confinement for six months, forfeiture of $502.00 pay per month for six months, and reduction to Private E1. The convening authority suspended three months of the confinement for three months but otherwise approved the sentence.

Appellant asserts that his court-martial was improperly convened and lacked jurisdiction, that the evidence does not support the finding that appellant was ordered to double-time, that the court members were improperly permitted to reconsider their findings, that appellant was denied the opportunity to present matters on sentencing after the reconsidered findings, that appellant was denied effective assistance of counsel, and that failure to include court-martial convening orders resulted in a non-verbatim transcript and an incomplete record. Appellant also asserts that his sentence should be reduced to confinement and forfeitures. We find appellant should have been given another opportunity to present matters on sentencing, if he so desired. We find the other assertions without merit. We will reassess the sentence.

I. .

Appellant alleges that the court-martial lacked jurisdiction because the convening authority's approval of the staff judge advocate's pretrial advice orders the case referred to trial by a court convened by one court-martial order, while the charge sheet

reflects a different court-martial order. In a related assertion of error, appellant contends that the record of trial is not a verbatim transcript and is incomplete because the proper orders were not included in the record. No objection concerning the referral of the case was made at trial. We have admitted an affidavit of the staff judge advocate concerning the referral of this case to trial and the court martial convening orders which were not attached to the record of trial. *See United States v. Roberts,* 22 C.M.R. 112 (C.M.A.1956) (extra-record matter admissible on the issue of jurisdiction). After considering these documents and the record of trial, we find appellant's assertions of error without merit. *See United States v. King,* 28 M.J. 397 (C.M.A.1989); *United States v. Hudson,* 27 M.J. 734 (A.C.M.R.1988).

## II.

■ Appellant asserts that the evidence is insufficient to support an allegation of the offense of violation of an order to "double-time." He contends that an order must be a positive mandate to do or not to do a specific act, citing Manual for Courts–Martial, United States, 1984, Part IV, para. 14c(2)(d). He contends that the language here failed in that regard.

The evidence of record indicates that appellant had been told to go to his barracks to get his helmet. When he responded slowly, a noncommissioned officer told him, "Mantilla, you need to double-time up there and get your helmet" and "Mantilla, you need to double-time." Appellant testified,

Sergeant Brown already told me to go get my helmet. And then [Sergeant Olsen] started looking at me and said, 'You know what, you'd better double-time over there.' and I didn't like that, you know, because I think, when he said double-time, I took it in a bad way. So, I told him, 'Don't give me that shit, Sergeant.'

Appellant further testified,

It looks like a simple order, but I've never seen nobody [sic] give an order that's double time and see [sic] the soldier double time. If you say, 'hurry up'

that's different, but double time. The only time I hear that order is in the morning for PT.

We disagree with appellant's contentions. Although an order must be a positive command, the form in which it is expressed is immaterial. *United States v. Mitchell,* 20 C.M.R. 295 (C.M.A.1955). The determination of whether the words used were mere advice or a command is a question of fact to be determined by the court. *Id.* It is clear from the evidence of record that appellant was ordered by the noncommissioned officer to double-time. Appellant own testimony indicates that he heard the noncommissioned officer, understood the meaning of the words "double-time," but did not, like it. He merely resented the order and did not obey it. The court members were justified in resolving the issue against appellant. We find the evidence both factually and legally sufficient to support the finding of guilty of this offense. *See* UCMJ art. 66(c), 10 U.S.C. § 866(c); *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Turner,* 25 M.J. 324 (C.M.A.1987).

## III.

Appellant was charged with striking a superior noncommissioned officer who was then in the execution of his office "by butting him in the face with his head, punching him in the face and on the body with his fists, and by kicking him on the legs with his feet." As to that specification, the president of the court announced the following finding: "Guilty, except the words, 'a superior noncommissioned officer who was in the execution of his office,' by striking him in the face." The findings worksheet reflects:

"Guilty [guilty is circled], except the words 'a superior noncommissioned officer then known by the accused to be a superior noncommissioned officer who was then in the execution of his office,'" *by striking him in the face.* ["by striking him in the face" is handwritten and underlined].

Of the excepted words: Not guilty;

With respect to this Specification of Charge II:

Not Guilty, but Guilty of a violation of Article 128.

The trial proceeded through the presentencing procedure. Trial defense counsel presented a very short sentencing argument apparently based on the noncommissioned officer divesting himself of his office and a comparison of an incident involving the same noncommissioned officer and another soldier which resulted in the noncommissioned officer receiving a reprimand. He argued that this was the remedy which should also be applied in appellant's case. The court members retired to deliberate and returned to announce sentence. Before sentence could be announced the following colloquy occurred:

MJ: Have you reached a sentence in the case?

PRES: Yes, sir, we have.

MJ: Before we go into that. I looked over the Findings Worksheet, and I think that it's still a bit misleading. I think I know exactly what you did, and I want to establish for the record whether I do, so the record will accurately reflect what you did.

As I understand what you did, was that your intention was to take out all the language having to do with him acting as noncommissioned officer as it relates to that particular offense. That offense being the assault of a noncommissioned officer. You also, as I read this, intended to take out all of the language with regard to how the assault took place, except for the language, "by striking him in the face,"

PRES: Sir, the only thing we wanted to—the body wanted to change was the last portion as to the butting—

MJ: You wanted to take that all out?

PRES: Yes. And replace that by striking him in the face. But the portion about the noncommissioned officer serving and executing official duties should be left in.

MJ: Okay. Is that the understanding of the rest of the court as well?

(an affirmative response)

MJ: All right. Then, I'm going to—let me look at this for just a moment, please.

TC: Also, Your Honor, for the record, I just wanted to note that all of the other members of the panel nodded in the affirmative to your question.

MJ: Very well. So, your finding was guilty of the Article 91 offense. And the only thing you did—was wish to take out all of the language with regard to how the assault took place, except the language, "by striking him in the face"?

PRES: That is correct, Sir.

MJ: Okay. Let me, then, read for the record an appropriate finding of what you've just said, and if it's correct, then I'll allow you to adopt it. Alright?

PRES: Yes, sir.

MJ: that would read then, I believe: Of Specification 4 of Charge II: Guilty, except the words, 'by butting him in the face with his head, punching him in the face and on the body with his fists, and kicking him on the legs with his feet;' substituting therefor, the words, "by striking him in the face."

Of the excepted words: Not Guilty.

Of the substituted words: Guilty.

And then your announcement as to Charge II would also be guilty

. . . . .

PRES: That is correct your honor.

After the military judge asked the defense counsel if he understood what had happened, the president of the court announced the sentence.

■ After findings of guilty have been announced, the military judge can seek clarification of the findings any time before adjournment. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 922(b) discussion [hereinafter R.C.M.]. An error in the announcement of findings may be corrected by a new announcement of the findings, provided that the error is discovered and the new announcement is made before final adjournment of the court-martial. R.C.M. 922(d). A correction of an erroneous announcement of findings is not a reconsideration. *United States v. Downs*, 15 C.M.R. 8 (C.M.A.1954). Thus, a

correction for a "slip of the tongue" is permitted and such a correction is not a reconsideration. *See United States v. Boswell,* 23 C.M.R. 369, 373 (C.M.A.1957).

■ In the case before us, the error was discovered by the military judge and the correction was made before the court adjourned. It is clear from the record that the court members intended the findings as to the specification in question to be as indicated in the corrected announcement. Further, we find nothing in the record to indicate any possibility of the court-martial being influenced to reconsider their findings. *See Downs,* 15 C.M.R. at 12. Therefore, we hold that the court merely corrected an erroneous announcement of the findings.

### IV.

■ Of greater concern is the related assertion of error that appellant was prejudiced because he was denied a proper opportunity to present matters on sentencing after the findings were corrected. Appellant contends that he should have been allowed the opportunity to reopen the case on extenuation and mitigation, and reargue the issues on sentencing. Citing Rule for Courts–Martial 905(e), government appellate counsel contends that appellant waived the issue because he neither objected nor requested that he be permitted to provide additional evidence. Although this Court could apply waiver in this case, we will not do so. *See United States v. Evans,* 28 M.J. 74 (C.M.A.1989); *United States v. Britton,* 26 M.J. 24 (C.M.A.1988). Appellant's sentencing argument was based on the theory that the noncommissioned officer involved here divested himself of his office. Appellant argued that his punishment should be a reprimand—the punishment imposed on another soldier in a similar incident involving the same noncommissioned officer. Under the circumstances of this case waiver is not appropriate. Appellant should have been given the opportunity to present additional evidence, if he so desired. To correct the error, we will reassess the sentence.

### V.

■ Appellant also asserts that his civilian counsel was ineffective in that he failed to object to inadmissible and highly prejudicial evidence which directly led to his conviction. He asserts that "his counsel failed to object to unwarned involuntary statements regarding his guilt of failure to repair, improper hearsay comments regarding the content of a writing not produced for trial, and prejudicial uncharged misconduct of appellant." In an affidavit submitted to this Court, appellant's civilian defense counsel states that the strategy at trial was to place the blame on the noncommissioned officer. The contest was an issue of believability between the appellant and the noncommissioned officer. It was his purpose to shift the blame to the noncommissioned officer. Consequently, as a strategy, objections to evidence were not made in order to give the impression that appellant had nothing to hide and to prevent an appearance that appellant was antagonistic. Using this strategy, counsel hoped to obtain an acquittal or, at most, a conviction on the minor offense of a ten-minute failure to repair only and a sentence of no punishment. The record of trial supports counsel's affidavit. In another affidavit, military counsel stated that failure to object to evidence was "purely a tactical decision taking into account that the case was before a military panel." Military counsel also stated that appellant was adamant about telling the court his story, and the decision to take the stand was appellant's.

After examining appellant's assertions, the affidavits of his trial defense counsel, and the record of trial, we find that counsel's performance was well within the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In determining that counsel's representation was reasonable, we have given deference to that part of *Strickland* which indicates that wide latitude should be given to counsel's tactical decisions. *Id.* at 689, 104 S.Ct. at 2065. Appellant has failed to overcome the strong presumption that counsel's action was sound legal strategy.

*See United States v. Brothers*, 30 M.J. 289, 291 (C.M.A.1990). In this case, counsel's strategy failed, but that failure is not the test of his representation. We hold counsel was not denied effective assistance of counsel.

The remaining assignment of error concerning the appropriateness of appellant's sentence is without merit.

The findings of guilty are affirmed. Reassessing the sentence in light of the error noted, the entire record, and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for three months, forfeiture of $502.00 pay per month for two months, and reduction to Private E1.

Judge ARKOW and Judge WALCZAK concur.