**UNITED STATES, Appellee,**

v.

**Private First Class Lester SYKES, 491–64–5950, United States Army, Appellant.**

**ACMR 9201024.**

U.S. Army Court of Military Review.

13 Dec. 1993.

For Appellant: Captain Robert L. Carey, JAGC, Captain Paul H. Turney, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam, JAGC, Major Kenneth T. Grant, JAGC, Captain Louis E. Peraertz, JAGC (on brief).

Before WERNER, Senior Judge, and LANE and RUSSELL, Appellate Military Judges.

## OPINION OF THE COURT

LANE, Judge:

Contrary to his pleas, the appellant was convicted, by a general court-martial composed of officer and enlisted members, of unpremeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for twenty-five years, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant asserts, inter alia, that his individually-retained civilian defense counsel was ineffective by failing to object to the prosecution's use of an inadmissible statement during cross-examination of the appellant. The appellant contends that Army criminal investigators (CID) improperly obtained the sworn statement from him, after he had requested the presence of an attorney. *Minnick v. Mississippi*, 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990); *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *United States v. Harris*, 19 M.J. 331 (C.M.A.1985). Based upon an affidavit

from the civilian defense counsel, the government argues that counsel's inaction was a tactical decision which should not, through hindsight, be characterized as ineffective assistance. *See United States v. Holt*, 33 M.J. 400 (C.M.A.1991). Moreover, the government asserts, even if there was a professional deficiency, in view of the overwhelming evidence against the appellant, there was no prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott*, 24 M.J. 186 (C.M.A.1987). The issues for this court to decide are (1) whether the trial counsel's use of the appellant's pretrial statement for impeachment purposes during his cross-examination of the appellant was impermissible, and then (2) whether civilian defense counsel's failure to object thereto amounts to ineffective assistance. We find that neither counsel acted improperly.

### I

■ At the outset we note that while the appellant's statement was inadmissible during the prosecution's case-in-chief, it could properly be used for impeachment during cross-examination of the appellant. Military Rule of Evidence 304(b) [hereinafter Mil.R.Evid.] states, in pertinent part, that:

(1) Where the statement is involuntary only in terms of noncompliance with the requirements of Mil.R.Evid. ... 305(f), ... this rule does not prohibit use of the statement to impeach by contradiction the in-court testimony of the accused....

Military Rule of Evidence 305(f), incorporates the rule derived from *Edwards* and *Minnick* that "[i]f a person chooses to exercise the ... right to counsel under this rule, questioning must cease immediately."

Military Rule of Evidence 304(b)(1) originally adopted only the rule of *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), which allows using statements taken without a proper counsel advisement during cross-examination of the accused to impeach his trial testimony. Manual for Courts–Martial, United States, 1984, app. 22, Mil.R.Evid. 304 analysis, at

A22–10 [hereinafter Mil.R.Evid. 304 analysis]. In 1990, Mil.R.Evid. 304(b) was expanded to apply the *Harris* rationale to situations involving noncompliance with *Edwards* and Mil.R.Evid. 305(f), that is, statements taken after a person has exercised the right to counsel. Mil.R.Evid. 304 analysis. The rationale behind these exceptions is that an accused should not be allowed to pervert procedural safeguards into a license to commit perjury. *See Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975). On the other hand, a trial counsel will not be allowed to use impeachment as a subterfuge for placing an inadmissible statement before the court. *United States v. Pollard*, 38 M.J. 41, 50 (C.M.A.1993).

In the instant case, the appellant had been apprehended by the CID and, after receiving a rights warning, stated that he wanted to see a lawyer. Two hours later the appellant was approached by an agent who said there was some new evidence he would like to discuss. However, to do so, he needed the appellant to disavow his previous request for counsel. The appellant so elected, and made the incriminating statement in question. While not litigated at trial, the statement, while voluntary,* clearly runs afoul of Mil.R.Evid. 305(f). During his cross-examination of the appellant, the trial counsel referred to the statement in an attempt to impeach his trial testimony. During argument, he mentioned the prior statement twice, and then only briefly each time. At no time did he read major portions of the statement in asking questions, and the statement itself was never admitted into evidence. Thus, we conclude that the trial counsel was acting consistent with Mil.R.Evid. 304(b), and that he did not run afoul of *Pollard* in his use of the statement.

---

* In his sworn statement, the appellant explains that he decided to speak because, "I just wanted to get this off my chest. If I woulda got a lawyer, I woulda told him the same things that I'm telling you." When asked if he felt coerced

II

To find a counsel ineffective, it must first be determined that the counsel was deficient, that is, that the counsel's conduct was not objectively reasonable under prevailing professional norms. *Strickland*, 466 U.S. 668, 104 S.Ct. 2052; *Scott*, 24 M.J. 186. In the instant case, an objection by the defense would not have been sustained in light of Mil.R.Evid. 304(b)(1). Counsel is not to be held deficient for failing to make an objection unlikely to succeed, even if his reason for such inaction is strictly tactical. *See United States v. Dumas*, 36 M.J. 941, 944 (A.C.M.R.1993); *United States v. Mantilla*, 36 M.J. 621, 625 (A.C.M.R.1992). The appellant has failed to present a valid claim that counsel's conduct, when viewed objectively in light of the whole appellate record, fell below professional norms. Accordingly, the strong presumption of counsel's effectiveness prevails. *Strickland*, 466 U.S. 668, 104 S.Ct. 2052; *United States v. Crum*, 38 M.J. 663 (A.C.M.R.1993).

The remaining assertions of error, to include those raised personally by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge WERNER and Judge RUSSELL concur.

or threatened into waiving his rights, he stated "No, I felt it was the right thing to do."